# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WAG LABS, INC., a Delaware Corporation, and DOES 1-20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WAG HOTELS, INC., a Delaware Corporation

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

E-FILED
12/26/2019 11:34 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
19CV360764
Reviewed By: J. Duong
Envelope: 3812465

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA | 19CV360764 |
| 191 North First Street, San Jose, California 95113 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffrey A. Baruh, Esq.  (SBN: 87842);  Matthew Y. Minae (SBN: 312686)        Fax No.: (408) 341-0250
Adleson, Hess & Kelly, a Professional Corporation                              Phone No.: (408) 341-0234
577 Salmar Avenue, 2nd Floor, Campbell, CA 95008

| DATE: 12/26/2019 11:34 AM  Clerk of Court | Clerk, by | J. Duong | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

E-FILED
12/26/2019 11:34 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
19CV360764
Reviewed By: J. Duong

ADLESON, HESS & KELLY, APC
Jeffrey A. Baruh (SBN 87842)
Matthew Y. Minae (SBN 312686)
577 Salmar Avenue, Second Floor
Campbell, California 95008
Telephone:    (408) 341-0234
Facsimile:    (408) 341-0250
Email: jbaruh@ahklaw.com
            mminae@ahklaw.com

Attorneys for Plaintiff,
WAG HOTELS, INC.

IN AND FOR THE SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

(Unlimited Jurisdiction Case)

| | |
|---|---|
| WAG HOTELS, INC., a Delaware Corporation,<br><br>                         Plaintiff,<br><br>v.<br><br>WAG LABS, INC., a Delaware Corporation, and DOES 1-20 inclusive,<br><br>                         Defendants. | CASE NO.:   19CV360764<br><br>**PLAINTIFF WAG HOTELS, INC.'S COMPLAINT FOR:**<br><br>**1.  BREACH OF CONTRACT;**<br><br>**2.  BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br><br>**3.  CANCELLATION OF TRADEMARK**<br><br>**4.  TRADEMARK INFRINGEMENT;**<br><br>**5.  CALIFORNIA STATUTORY UNFAIR COMPETITION; and**<br><br>**6.  DECLARATORY RELIEF**<br><br>**[JURY TRIAL DEMANDED]** |

    Wag Hotels, Inc. ("**WAG**"), as and for its claims against Defendant Wag Labs, Inc. ("**Wag Labs**") alleges as follows:

## THE PARTIES

    1.    **WAG** is, and at all times herein relevant has been, a limited liability corporation

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No                                                                                                                          1

1  established under the laws of the State of Delaware, authorized to do business in this State of

2  California and doing business in this County of Santa Clara, including at its WAG Hotel facility

3  in Santa Clara.

4      2.    WAG is informed and believes and thereon alleges that Wag Labs is, and at all

5  times herein relevant has been, a Delaware corporation, authorized to do business and doing

6  business in the State of California, and in this County of Santa Clara at its Mountain View

7  office, in addition to its principal place of business in West Hollywood, California.

8      3.    The identity, capacity and basis of liability of the defendants sued herein as Does

9  1-20 is presently unknown to WAG, who join such defendants by these fictitious names. WAG

10  will amend this complaint to substitute the true names and/or basis of liability of such fictitiously

11  named defendants when the same becomes known or discovered.

12      4.    WAG is informed and believes and thereon alleges that Wag Labs and the

13  other defendants, including those fictitiously named, are, and at all times herein relevant were,

14  the agents, representatives, members, managers, partners, joint venturers, alter egos,

15  shareholders, officers, directors, employers, employees, parents, subsidiaries and affiliated

16  entities of each of the other defendants, and that in breaching the Settlement Agreement with

17  WAG effective June 15, 2016 (hereafter the 'Settlement' or 'Agreement') and committing the

18  other violations of WAG's legal and statutory rights hereinafter alleged, all such defendants,

19  including those fictitiously named, were acting within the scope of their authority, and/or with

20  the consent, express and/or implied, of the other defendants, and/or that all such other

21  defendants subsequently ratified those breaches of the Settlement Agreement and other

22  violations of legal and statutory duties hereinafter alleged.

23  <u>JURISDICTION AND VENUE</u>

24      5.    Personal jurisdiction and venue are proper in this County insofar as WAG's

25  claims arise out of Wag Labs' breach of a contract [the 'Agreement'] which was to be

26  performed in this County, among others in California, and which breach of that Settlement

27  Agreement occurred in this County among others in California.

28      6.    WAG is further informed and believes and thereon alleges that jurisdiction and

ADLESON, HESS &
KELLY, A P C
577 Salmar Ave., 2nd Flr
Campbell, CA, 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No    2

1  venue are  also proper in this County insofar as **WAG**'s business in this County is directly

2  related to the allegations of contractual breaches and statutory violations hereinafter set forth,

3  including, but not limited to: **Wag Labs**' infringement of **WAG**'s trademark and **Wag Labs**'

4  other acts of unfair competition hereinafter alleged, including its marketing, distribution, display

5  and/or sale of infringing services bearing confusingly similar imitations of **WAG**'s trademark,

6  occurred in this County .

7                          <u>**ALLEGATIONS COMMON TO ALL COURTS**</u>

8          7.      **WAG** is, and at all times herein relevant, has been in the business of operating

9  pet resort facilities in multiple locations in California, including in this County of Santa Clara,

10  providing services including boarding, pet-sitting, grooming, training and exercise services.

11         8.      **WAG** began using the terms WAG and WAG HOTELS as trademarks for its

12  services in or around October 2005.

13         9.      On or about July 15th, 2008, **WAG** received a registration in the U.S. Trademark

14  Office for the 'service mark' **WAG**, U.S. Trademark Registration No. 3465083, covering kennel

15  services ("the **Mark**").

16         10.     At all times herein relevant, the services that **WAG** has and continues to offer in

17  connection with its kennel and pet care services include boarding, training, grooming, bathing,

18  dog-walking and other exercise. **WAG** provides these services to clients who kennel/board

19  their pets at **WAG**'s facilities overnight, and also to clients who kennel/board their pets at

20  **WAG**'s facilities temporarily during the day.

21         11.     At all times herein relevant, **WAG** has used and promoted, and continues to use

22  and promote, the **Mark** extensively, such that it has acquired valuable goodwill and the **Mark**

23  has come to be recognized as identifying the quality and range of services and exquisite care

24  offered by **WAG**.

25         12.     **WAG** is informed and believes and thereon alleges that **Wag Labs** is in the

26  business of providing temporary use of on-line non-downloadable software for coordinating pet

27  care services in the form of dog-walking and pet sitting through its mobile app.

28         13.     **WAG** is informed and believes and thereon alleges that commencing in or

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No                                                                                                    3

around January 2014, **Wag Labs** began offering dog-walking services in this and other California counties using the brand name 'WAG'.

14.    **WAG** is informed and believes and thereon alleges that, at times relevant to the **WAG**'s claims in this *Action*,    **Wag Labs** has advertised, promoted and provided many of the same services as **WAG** aside from just temporary use of on-line non-downloadable software for coordinating pet care services in the form of dog-walking and pet sitting through its mobile app., and has registered, in its name, trademarks which are deceptively and confusingly similar imitations to **WAG's Mark**, which similar services and deceptively, confusingly similar trademarks are likely to and have caused confusion in the minds of the public as to the origin, sponsorship and/or approval of **Wag Labs'** services, leading consumers to believe **WAG** has approved, sponsored and/or associated itself with **Wag Labs**, and otherwise to unfairly compete with **WAG**'s services.

15.    On or about May 26, 2015, **WAG** informed **Wag Labs** that its use of the WAG trademark and name, and related words, symbols and images, violated **WAG**'s trademark and common law rights in **WAG**'s **Mark**, and demanded it cease and desist from such use.  When **Wag Labs** refused to cease its infringing conduct in continued violation of **WAG**'s **Mark**, **WAG** filed suit.

16.    **Wag Labs'** advertising, promotion, use, offer for sale and sale of confusingly similar services to those provided by **WAG**, with use of the same or deceptively similar imitations of **WAG's Mark**, has been and continues to be likely to deceive, confuse, and mislead consumers, past and prospective purchasers into believing that **Wag Labs'** services were and are developed by, designed by, authorized by, and/or in some manner associated with **WAG**, which they are not. The likelihood of confusion, mistake, and deception engendered by **Wag Labs'** use, appropriation and infringement of **WAG**'s **Mark** has caused and is continuing to cause irreparable harm to the goodwill symbolized by the **Mark**, as well as **WAG's** reputation for quality that they embody, in California and in this County.  **WAG** is informed and believes and thereon alleges that, at all times relevant to this *Action,* **Wag Labs** has continued and continues to advertise, promote, market, use, offer for sale, and sell

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No                                                                                                    4

confusingly similar services that compete with the services provided by WAG.

17.    On June 10th, 2015, WAG filed its complaint in the US District Court [Central District of California (Western Division); Case No.: 2:15-cv-04408; the 'Prior Action'], for: (i) *Federal Trademark Infringement* (15 U.S.C. §1114); and (ii) California *Statutory Unfair Competition* in violation of *Business & Professions Code* §17200. In that **Prior Action,** WAG sought relief consisting of: (a) an injunction against *Wag Labs,* prohibiting it from using 'WAG' as a trademark or commercial identifier, or in any manner relating to **Wag Labs'** services; and (b) an award of damages suffered by WAG, as proven at trial, including disgorgement of Wag Lab's profits earned from using the infringing mark; and (c) attorney's fees.

WAG's complaint in that **Prior Action** alleged that:

- WAG had been in the business of operating pet resort facilities in multiple locations in California, including boarding, pet-sitting, grooming, training and exercise services since 2005; and had been using the terms WAG and WAG HOTELS as trademarks for its services since October 2005;
- the services that WAG had offered and continued to offer in connection with its kennel services included boarding, training, grooming and exercise, specifically including, but not limited to, dog-walking services;
- commencing in January 2014, Wag Labs began offering dog-walking services using the brand name 'WAG', which services and trademark (WAG alleged) "(were) identical or confusingly similar to, and compete(d) with WAG Hotels' services."
- on or about May 26th, 2015, WAG informed Wag Labs that its use of the trademark WAG violated WAG's trademark rights in the Mark; and
- that Wag Labs had refused to cease its infringing conduct in continued violation of WAG's Mark and associated rights and interests.

18.    WAG and Wag Labs (the 'Parties') settled that **Prior Action** and entered into a Settlement Agreement ('Agreement') effective June 15th, 2016.  In that **Agreement,** Wag Labs acknowledged the sufficiency of the consideration for the 'Settlement' of WAG's claims of trademark infringement and unfair competition, and expressly confirmed, in section

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.adle-law.com

Case No                                                                                                                                5

20 of the **Agreement**, its intention to be bound by each provision of (the) **Agreement**. The fundamental consideration for **WAG** in **that Settlement was and is section 4 ['§4'] of the Agreement**, which requires **Wag Labs** to use 'branding' materially consistent with the '*Image*' depicted in '*§4*', which '*Image*' **Wag Labs** subsequently applied to register as a 'service' mark on August 18th, 2016 [serial no. 87142649], and which trademark was registered by **Wag Labs** on the principal trademark registry on May 2nd, 2017 [registration no. 5194829]. '*§4*' provides:

> "On or before October 31, 2016, Wag Labs will implement branding materially consistent with the following image in all channels it controls including its website, mobile application (including splash page, and home page), social media home pages, outbound emails, billboards, bandanas, and other "swag". [The required "Image" to be used by Wag Labs was depicted in the middle of paragraph 4; see **Agreement**,].Section 4 of the Agreement required that] [I]n the event that Wag Lab seeks to materially change its branding, Wag Labs will provide WAG Hotels with written notice of the proposed branding changes 28 days prior to the implementation of any changes [providing that] WAG Hotels shall have 14 days from the date the notice is sent to provide any written comments or objections to Wag Labs. [and that] WAG Hotels shall not unreasonably object to any proposed branding changes. [Section 4 of the Agreement concludes with the express authorization that] In the event that Wag Labs acts in breach of this Section 4 of the Agreement, WAG Hotels shall be entitled to a remedy of specific performance in addition to any other applicable remedy in equity or law."

19.    '*§4*'of the **Agreement** contains and depicts the '*Image*', **Wag Labs** agreed to and was required to use – a graphic drawing of a cellphone ['smartphone'] on the left with a paw-print design on the smartphone's screen with the word 'WAG!' to the right of the smartphone and the words "a dog's best friend' in smaller font below.   The smartphone graphic to the left of and immediately adjacent to 'WAG!' was and is the defining and most significant feature of the agreed upon "*Image*" in '*§4*'of the **Agreement**, distinguishing **WAG** from **Wag Labs**, and underscoring that **Wag Labs'** business is providing temporary use of 'on-line' non-downloadable software for coordinating pet care services in the form of dog-walking and pet sitting with consumers through its mobile app.   The tagline required under WAG! ["*a dog's best friend*"] by ¶4 of the **Agreement** was also integral to the **Settlement**.

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

20.   '§5' of the **Agreement** prohibits **Wag Labs** from operating or investing in any kenneling pet-boarding or pet-hotel facilities using any trademark or brand name that incorporates the term "Wag".

21.   Sections 8 and 9 of the **Agreement** direct that, for a 4 year (48 month) period, starting August 1st, 2016, **Wag Labs** will distribute 2 emails (subsequently increased to 3) per year promoting **WAG's** services to all of its (**Wag Labs'**) customers last known e-mail address, whether active or inactive, located within the geographical market areas where **WAG** was operating as of the date of this **Agreement**, specifically, San Francisco, Oakland, Sacramento, Redwood City and surrounding vicinities. Section 9 of the **Agreement** directs that, over that same 48 month period, **WAG** may (i.e., has the option to) notify **Wag Labs** of up to 3 additional cities where it (**WAG**) plans to begin operation, in which case it requires **Wag Labs** to distribute 2 emails (subsequently increased to 3) per year promoting **WAG's** services to all of **Wag Labs** customers located within these expanded areas of **WAG's** service.

22.   Sections 11 and 12 of the **Agreement** provide reciprocal releases by the **Parties** [**WAG** and **Wag Labs**] "except for the obligations herein" (i.e., the executory obligations in section 4 of the **Settlement Agreement**).

23.   Section 15 of the **Agreement** provides: "In any action to enforce the terms of this Agreement, attorneys' fees, costs, and expenses incurred in prosecuting such litigation shall be awarded to the prevailing party."

24.   Section 4 of the **Agreement** requires that…"In the event that Wag Lab seeks to materially change its branding, Wag Labs will provide WAG Hotels with written notice of the proposed branding changes 28 days prior to the implementation of any changes." In or around late 2018 or early January 2019, **WAG** discovered that **Wag Labs** had "materially changed its branding" without prior written notice to **WAG** whatsoever, depriving **WAG** of notice of and any right or opportunity to object to **Wag Labs'** proposed *branding changes*, all in violation of **Wag Labs'** obligations under section 4 of the **Agreement**.

ADLESON, HESS &
KELLY, APC
577 Salmar Ave, 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No                                                                                    7

25.   Underscoring its import, the **Parties** to the Agreement stipulated, in the final provision of '§4' that: "In the event that Wag Labs acts in breach of this Section 4 of the Agreement, WAG Hotels shall be entitled to a remedy of specific performance in addition to any other applicable remedy in equity or law."

## FIRST CAUSE OF ACTION
### Breach of Contract- Settlement Agreement
### (Against Defendants Wag Labs, Inc., and DOES 1-5)

26.   **WAG** incorporates, by this reference, paragraphs 1 through 25 of this Complaint and re-alleges the same as though fully set forth herein.

27.   '§4'of the **Agreement** requires that..."In the event that Wag Lab seeks to materially change its branding, Wag Labs will provide WAG Hotels with written notice of the proposed branding changes 28 days prior to the implementation of any changes."

28.   In or around late 2018 or early January 2019, **WAG** discovered that **Wag Labs** had "materially changed its branding" without prior written notice of the proposed branding changes, or any notice whatsoever, to **WAG**, in breach of its **Wag Labs'** specific covenants, obligations and duties under the **Agreement**, depriving **WAG** of any right or opportunity to object to **Wag Labs**' proposed *branding changes*.

29.   The **Agreement** requires the '*Image*' depicted in '§4'to be used exclusively and indefinitely on **Wag Labs**' website and mobile application (including splash page and home page), social media home pages, outbound emails, billboards, bandanas and other 'swag'. **WAG** is informed and believes and thereon alleges that, in breach of the **Agreement,** **Wag Labs** has not used the *Image*'s tagline and smartphone graphic on its website over various periods of time and/or has not used it on certain parts of its website and/or its app. The **Agreement** does not allow **Wag Labs** to include or incorporate the tagline and smartphone graphic of the required *Image* on its website just occasionally or when and where it chooses.

30.   **WAG** is further informed and believes and thereon alleges that, in the last three years, in breach of '§4' of the **Agreement**, **Wag Labs** has used and currently uses

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No                                                                                                          8

'*Images*', logos and other displays that materially vary and deviate from and/or do not replicate the '*Image*' or branding **Wag Labs** agreed to use (as depicted in and required by '§4'

31.    **WAG** is further informed and believes and thereon alleges that shortly after the **Agreement** was signed in June 2016, **Wag Labs** applied for and registered as its trademark [no. 5194828], a form of the 'WAG!' (literal element written in stylized font), logo or mark without the smartphone graphic and tagline required by '§4'. **WAG** is informed and believes and thereon alleges that the **Agreement** prohibits **Wag Labs** from registering **WAG's 'Mark'** or the mark [no. 5194828] it registered under its name in 2016 and from registering and/or using other deceptively confusing and similar trademarks to the **Mark** thereafter.

32.    **WAG** is further informed and believes and thereon alleges that, in breach of §§8 and/or 9 of the **Agreement**, **Wag Labs** failed to distribute **WAG's** promotional emails to all of its active customers in the areas (zip codes) specified by **WAG**.

33.    **WAG** has performed all of the covenants, conditions and other obligations under the **Agreement** to be performed by it on its part, aside from any such covenants, conditions and other obligations the performance of which has been excused by **Wag Labs'** breach, abandonment and/or anticipatory repudiation of its executory obligations under the **Agreement**.

34.    As a direct and proximate result of **Wag Labs'** breaches and violations of the **Agreement,** as hereinabove specified, **WAG** has incurred damages in an amount presently unknown, but in excess of the jurisdictional minimum of this court. **WAG** is informed and believes and thereon alleges that such damages are continuing. **WAG** will seek leave to amend this Complaint to specify the amount of such damages when the same is ascertained, becomes known or ascertained, or seek to have such damages established according to proof at trial.

35.    The final provision of section 4 of the **Agreement** provides: "In the event that Wag Labs acts in breach of this Section 4 of the Agreement, WAG Hotels shall be entitled to

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95006
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No                                                                                                                 9

1  a remedy of specific performance in addition to any other applicable remedy in equity or

2  law."  By reason of **Wag Labs'** breach of section 4 of the **Agreement, WAG** also seeks

3  temporary and/or preliminary injunctive relief specifically enforcing paragraph 4 of the

4  **Agreement** and prohibiting **Wag Labs'** continued use and display of 'Images', logos and

5  other displays **Wag Labs** currently uses and has been using (e.g., as depicted in trademark

6  registration no. 5194828) that materially vary and deviate from the '*Image*', i.e., branding

7  **Wag Labs** agreed to use (as depicted in and required by '§4') and for an order that **Wag**

8  **Labs** immediately revert back to the required use '*Image*' and branding depicted in

9  paragraph 4 of the **Agreement**,  and 'cease and desist' from continued use of '*Images*',

10  logos and/or branding which deviate from and are inconsistent with that agreed upon (as

11  depicted in '§4'of the **Agreement**) until and subject to the contractually specified procedure

12  for **WAG**'s approval of any such changes.

13       36.  Section 15 of the **Agreement** provides: "In any action to enforce the terms of

14  this Agreement, attorneys' fees, costs, and expenses incurred in prosecuting such litigation

15  shall be awarded to the prevailing party."  By reason of **Wag Labs'** breach and violation of

16  the **Agreement**, **WAG** had been forced to retain counsel [Jeffrey A. Baruh of Adleson Hess

17  & Kelly] to enforce its rights and recourse, and has and necessarily will incur attorney fees,

18  costs and expenses, all of which it is entitled to and will seek to recover, in addition to its

19  compensatory damages

20       WHEREFORE, **WAG** prays for the damages and equitable relief hereafter set forth.

21

22            **SECOND CAUSE OF ACTION**

       **Breach of the Implied Covenant of Good Faith and Dealing**

23     **[Against Defendants Wag Labs, Inc., and Does 1-10, inclusive]**

24       37.  **WAG** incorporates by this reference paragraphs 1 through 36 of this

25  Complaint, and re-alleges the same as though fully set forth herein.

26       38.  Implied in the **Settlement and Agreement** was a covenant of good faith and

27  fair dealing pursuant to which **WAG** and **Wag Labs** promised not to do anything which

28  would injure the rights of the other party to receive the benefits of the **Agreement**.

ADLESON, HESS &<br>KELLY, APC<br>577 Salmar Ave., 2nd Flr<br>Campbell, CA 95008<br>(408) 341-0234<br>Fax (408) 341-0250<br>www.ahk-law.com

Case No                                                 10

39.     Section 4 of the **Agreement** contains and depicts the '*Image*', and branding **Wag Labs** agreed to and was required to use - the WAG! - logo accompanied by (adjacent to) a smartphone graphic and print tagline. The smartphone graphic adjacent to the smartphone graphic was and is the defining feature of the "*Image*" in § 4 of the **Agreement**, identifying **Wag Labs'** business as providing temporary use of on line non-downloadable software for coordinating pet care services in the form of dog-walking and pet sitting through its mobile app. from the business of and services provided by **WAG**. The tagline required under WAG! ["*a dog's best friend*"] by ¶4 of the **Agreement** was also integral to the **Settlement**.

40.     **WAG** is informed and believes and thereon alleges that within months after the **Agreement** was signed in June 2016, **Wag Labs** applied for and registered, as its trademark [registration no. 5194828], a form of the WAG! logo or mark without the smartphone graphic and tagline required by section 4 of the **Agreement**. **WAG** is further informed and believes and thereon alleges that since **WAG** notified **Wag Labs** of its continued breach in early November, 2019, **Wag Labs** has applied for a trademark [e.g., serial no. 88703192), a variation of the WAG! logo or mark without the smartphone graphic and tagline required by '§4' of the **Agreement**, and deceptively and confusingly similar to **WAG's Mark**.

41.     **WAG** is informed and believes and thereon alleges that in applying for and registering, as its trademarks, forms of the WAG! logo or mark without the smartphone graphic and tagline required by '§4'of the **Agreement** and otherwise deceptively similar to **WAG's Mark**, **Wag Labs** did so in bad faith and in breach of the implied covenant of good faith and fair dealing by purposefully attempting to circumvent the restrictions on its branding and requirements for use of the *Image* in '§4'and the use by **Wag Labs'** of logos, images and branding deceptively similar to **WAG's Mark**.

42.     In applying for and registering, as its trademarks, forms of the WAG! logo or mark without the smartphone graphic and tagline required by section 4 of the **Agreement** and which trademarks are otherwise deceptively similar to **WAG's Mark**, **Wag Labs**

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.alsk-law.com

Case No                                                                                                11

1  intended to frustrate **WAG's** right to receive and realize the benefits of the **Settlement**,

2  conduct in violation of the implied covenant of good faith and fair dealing.

3      43.   As a direct and proximate result of **Wag Labs'** breaches and violations of the

4  implied covenant of good faith and fair dealing, as hereinabove specified, **WAG** has

5  incurred damages in an amount presently unknown, but in excess of the jurisdictional

6  minimum of this court. **WAG** is informed and believes and thereon alleges that such

7  damages are continuing. **WAG** will seek leave to amend this Complaint to specify the

8  amount of such damages when the same becomes known or ascertained, or seek to have

9  such damages established according to proof at trial.

10     WHEREFORE, **WAG** prays for the damages and equitable relief hereafter set forth.

11  **THIRD CAUSE OF ACTION**

12  **Cancellation of Trademark(s); 15 U.S.C. § 1119, 1064,**
                **B&P Code §§ 14230, 14240**

13  **[Against Defendants Wag Labs, Inc., and DOES 1-10, inclusive]**

14

15      44.   **WAG** incorporates by this reference paragraphs 1 through 43 of this

16  Complaint, and re-alleges the same as though fully set forth herein.

17      45.   **WAG** is informed and believes and thereon alleges that within months after

18  the **Agreement** was signed in June 2016, **Wag Labs** applied for and registered, as its

19  trademark [no. 5194828], a form of the WAG! logo or mark without the smartphone graphic

20  and tagline required by section 4 of the **Agreement**, and otherwise deceptively and

21  confusingly similar to **WAG's Mark**. **WAG** is further informed and believes and thereon

22  alleges that since June 2016, **Wag Labs** has applied for and registered as additional

23  trademarks, other forms and variations of the WAG! logo or mark [e.g., registration no.

24  8870192] without the smartphone graphic and tagline required by '§4'of the **Agreement**

25  and otherwise deceptively and confusingly similar to **WAG's Mark**.

26      46.   **WAG** is informed and believes and thereon alleges that, in applying for such

27  registrations, **Wag Labs** misrepresented that it was entitled to use such trademarks in

28  commerce without **WAG's** authorization under the **Agreement**.

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No.                             12

47. WAG is informed and believes and thereon alleges that these newly registered trademarks of Wag Labs were obtained improperly, if not fraudulently, in that some or all of them are directly contrary to the restrictions imposed by and thus precluded by the Agreement. WAG is further informed and believes and thereon alleges that newly registered trademarks are subject to cancellation on the basis that they infringe on WAG's Mark, and on the further basis their registration and use by Wag Labs constitutes unfair competition under *Business and Professions Code* §§14205(f), 14230 and 14240, and 17200, et seq. in light of the express restrictions under the Agreement to which Wag Labs agreed. As such, WAG is informed and believes and thereon alleges that such trademarks, specifically including, but not limited to, trademark registration no. 5194828 and serial no. 88703192, are subject to cancellation under 15 U.S.C. § 1119, 1058, 1064, and B&P Code §§ 14230, 14240, 17200 and other statutes.

WHEREFORE, WAG prays for an order cancelling such trademarks of Wag Labs and for damages, attorney fees and the equitable relief hereafter set forth.

**FOURTH CAUSE OF ACTION**
**Trademark Infringement (15 U.S.C. §1114, et seq.;**
**B&P Code §§ 14245(1), 14240)**
**[Against Defendants Wag Labs, Inc., and DOES 1-10, inclusive]**

48. WAG incorporates by this reference paragraphs 1 through 47 of this Complaint, and re-alleges the same as though fully set forth herein.

49. WAG is informed and believes and thereon alleges that the foregoing acts, practices and conduct of Wag Labs constitute an infringing use in interstate commerce of a copy or colorable imitation of WAG's Mark, and Wag Labs' sale, offering for sale, distribution or advertising of goods and services in connection therewith also violate WAG's Mark and related property rights, and WAG is informed and believes and thereon alleges that such use is likely to cause confusion or mistake or to deceive the public with respect to the Mark, in violation of U.S.C. §1114(1).

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No                                                                                                         13

50.   WAG is informed and believes and thereon alleges that as a direct and proximate result of the foregoing acts, practices and conduct of **Wag Labs**, **WAG** has been and is likely to continue to be substantially injured in its business, including its reputation, by **Wag Labs**' use and infringement of the **Mark**, resulting in loss of revenues and profits, and diminished goodwill and reputation for **WAG**.

51.   **WAG** has no adequate remedy at law, because the **Mark** represents to the public **WAG's** identity, reputation and goodwill, such that damages alone cannot fully compensate for **Wag Labs'** misconduct. Unless enjoined by the Court, **WAG** is informed and believes and thereon alleges that **Wag Labs** will continue to infringe the **Mark** and violate the **Agreement** to **WAG's'** irreparable injury. This threat of future injury to **WAG's** business identity, goodwill and reputation warrants, justifies and requires immediate, temporary and permanent injunctive relief to enjoin and prevent **Wag Labs'** infringement and to ameliorate and mitigate **WAG's** injury.

## FIFTH CAUSE OF ACTION
### Unfair Competition in Violation of California Business and Professions Code §§ 14245(1), 14250, 17200
### [Against Defendants Wag Labs, Inc., and DOES 1-10, inclusive]

52.   **WAG** incorporates by this reference paragraphs 1 through 51 of this Complaint and re-alleges the same as if fully set forth herein.

53.   In acting or omitting to act as hereinabove alleged in conjunction with the use of a colorable imitation of **WAG's Mark** without **WAG's** consent, **Wag Labs** has engaged in unfair competition to divert business from **WAG** by passing off and misleading consumers into believing that its services and products are those of **WAG.**

54.   **Wag Labs'** acts, as hereinabove alleged, constitute unlawful, unfair and/or fraudulent business practices within the meaning of California *Business & Professions Code* §17200, et seq.

55.   **WAG** is informed and believes and thereon alleges that **Wag Labs** engaged in such unlawful, unfair and/or fraudulent business practices and committed the acts hereinabove

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No                                                                                                    14

1    alleged with full knowledge of **WAG's Mark**, and associated trademark and common law

2    rights, and did so intentionally for the purposes of injuring **WAG** and with the intent to confuse

3    and deceive consumers by creating the false and misleading impression that **Wag Labs'**

4    services are provided, endorsed, sponsored, associated with, approved and/or licensed by

5    **Wag**. **WAG** is further informed and believes and thereon alleges that **Wag Labs** engaged

6    in the unlawful, unfair and/or fraudulent business practices and committed the acts

7    hereinabove alleged by use in interstate commerce of a copy or colorable imitation of the

8    **Mark**, and the sale, offering for sale, distribution or advertising of goods and services in

9    connection therewith, with the knowledge that such use was and is likely to cause confusion or

10   mistake or to deceive the public with respect to the **Mark**, in violation of 15 U.S.C. §1114(1).

11       56.    As a result of **Wag Labs'** unfair imitation  of WAG's trade name and other

12   wrongful acts, **WAG** has suffered and will continue to suffer loss of income, profits and

13   valuable business opportunities, entitling  **WAG** to recover its damages proximately resulting

14   therefrom pursuant to B&P Code §§ 14245(1) and 17200, et seq.  If not preliminarily and/or

15   permanently enjoined, **Wag Labs** will have unfairly derived **WAG** of and will continue to

16   unfairly derive **WAG** of income, profits and valuable business opportunities as a result of its

17   wrongful acts and unfair competition.

18       57.    Pursuant to California *Business & Professions Code* §§ 14250, 17200 et seq.,

19   **WAG** seeks preliminary and permanent injunctive relief enjoining **Wag Labs** from continuing

20   to engage in the unlawful, unfair and/or fraudulent acts and practices set forth herein, as well

21   as restitution or disgorgement of any monies received by **Wag Labs** through such unlawful,

22   unfair and/or fraudulent business practices and acts.

23       58.    **Wag Labs'** violations of **WAG's Mark**, circumvention of its obligations under the

24   **Agreement**, unfair competition, statutory violations and other acts in violation of **WAG's** legal

25   rights, all as hereinabove alleged, were done in conscious disregard of **WAG's** legal rights,

26   **Wag Labs'** obligations under the **Settlement**, and otherwise in a sufficiently unfair, dishonest,

27   duplicitous, intentional, oppressive, and/or fraudulent manner as to warrant an award of

28   punitive, exemplary and/or treble damages.

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2ndFlr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No                                                                                                    15

1  WHEREFORE, **WAG** prays for the damages, attorney fees, punitive and/or treble
2  damages and equitable relief hereafter set forth.

3  **SIXTH CAUSE OF ACTION**
**For Declaratory and Injunctive Relief**
4  **[Against Defendants Wag Labs, Inc., and DOES 1-10, Inclusive]**
5

6  59.  **WAG** incorporates by this reference paragraphs 1 through 58 of this Complaint
7  and re-alleges the same as if fully set forth herein.

8  60.  **WAG** is informed and believes and thereon alleges that a present dispute exists
9  between it and **Wag Labs** regarding the rights of each under the **Agreement**, as well as
10  under federal and state statutes and common law with regard to the use of the tradename
11  **WAG** and associated rights.

12  61.  **WAG** contends it has the prior and exclusive right, both under the **Mark** and
13  common law, vis-à-vis **Wag Labs**, to use of the **WAG** name for services that **WAG** has and
14  continues to offer in connection with kennel and pet care business, including, but not limited
15  to, boarding, training, grooming, bathing, dog-walking and other pet exercise. **WAG** is
16  informed and believes and thereon alleges that **Wag Labs** disputes this and contends it can
17  use the 'WAG !' mark for its services and products without the graphic drawing of a cellphone
18  ['smartphone'] on the left of the word 'WAG!' and/or without a paw-print design on the
19  smartphone's screen with the word 'WAG!' to the right of the smartphone and/or without the
20  words "a dog's best friend' in smaller font below.

21  62.  A declaration of **WAG**'s and **Wag Labs**' rights under the Agreement and
22  statutory law with respect to ownership and use of the tradename **WAG** and associated rights
23  is necessary and appropriate to avoid a multiplicity of suits, further damage to **WAG**, and
24  otherwise in the interest of judicial economy.

25  63.  By reason of **Wag Labs**' breach of the **Agreement**, trademark infringement,
26  unfair competition and other wrongful acts as hereinabove alleged, and based on the
27  irreparable damage **WAG** has and will continue to suffer and the lack of an adequate legal
28  remedy for the damage to its reputation **WAG** has and will continue to incur, **WAG** is entitled

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No                                                                16

to temporary, preliminary and/or permanent injunctive relief:

(a)     Specifically enforcing paragraph 4 of the **Agreement** and prohibiting **Wag Labs'** continued use and display of 'Images', logos and other displays **Wag Labs** currently uses and has been using (e.g., as depicted in trademark registration no. 5194828) that materially vary and deviate from the '*Image*', (i.e., branding) **Wag Labs** agreed to use (as depicted in and required by '**§4**');

(b)     For an order that **Wag Labs** immediately revert back to the required use '*Image*' and branding depicted in paragraph 4 of the **Agreement,** and 'cease and desist' from continued use of '*Images*', logos and/or branding which deviate from and are inconsistent with that agreed upon (as depicted in '**§4'of the Agreement**) until and subject to the contractually specified procedure for **WAG**'s approval of any such changes; and

(c)     For an order cancelling **Wag Labs'** Trademarks [registration nos.: **5194828** and serial no. **88703192**].

## PRAYER

WHEREFORE, **WAG** prays for the damages, attorney fees, punitive and/or treble damages and equitable relief as follows:

I.     <u>**ON THE FIRST CAUSE OF ACTION:**</u>

    a.     Compensatory Damages in a sum in excess of the jurisdictional limit of this Court, subject to proof; and

    b.     Attorney Fees.

II.     <u>**ON THE SECOND CAUSE OF ACTION**</u>

    a.     Compensatory Damages in a sum in excess of the jurisdictional limit of this Court, subject to proof;

III.     <u>**ON THE THIRD CAUSE OF ACTION**</u>

    a.     An Order of this Court cancelling **Wag Labs'** Trademarks [registration nos.: **5194828** and serial no. **88703192**]

    b.     Compensatory Damages in a sum in excess of the jurisdictional limit of

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

1  this Court, subject to proof; and

2  c.  Attorney Fees.

3  **IV.**  **ON THE FOURTH CAUSE OF ACTION**

4  a.  Compensatory Damages in a sum in excess of the jurisdictional limit of

5  this Court, subject to proof;

6  b.  Treble Damages; and

7  c.  Attorney Fees.

8  **V.**  **ON THE FIFTH CAUSE OF ACTION**

9  a.  Restitutionary or Compensatory Damages in a sum in excess of the

10  jurisdictional limit of this Court, subject to proof;

11  b.  Other Statutory Damages;

12  c.  Attorney Fees; and

13  d.  Punitive Damages and/or Treble Damages.

14  **VI.**  **ON THE SIXTH CAUSE OF ACTION**

15  a.  A declaratory Judgment of **WAG**'s and **Wag Labs'** rights under the

16  **Agreement** and statutory law with respect to ownership and use of the

17  tradename WAG and associated rights.

18  **VII.**  **EQUITABLE RELIEF**

19  a.  A temporary, preliminary and/or preliminary injunction: specifically

20  enforcing paragraph 4 of the **Agreement** and prohibiting **Wag Labs'**

21  continued use and display of 'Images', logos and other displays **Wag**

22  **Labs** currently uses and has been using (e.g., as depicted in trademark

23  registration no. 5194828) that materially vary and deviate from the

24  '*Image*', i.e., branding **Wag Labs** agreed to use (as depicted in and

25  required by '§4');

26  b.  For an order that **Wag Labs** immediately revert back to the required

27  use of the '*Image*' and branding depicted in paragraph 4 of the

28  **Agreement,** and 'cease and desist' from continued use of '*Images*',

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No                                                                                      18

1        logos and/or branding which deviate from and are inconsistent with that

2        agreed upon (as depicted in '§4'of the **Agreement**) until and subject to

3        the contractually specified procedure for **WAG**'s approval of any such

4        changes; and

5      c.     For an order cancelling **Wag Labs**' Trademarks [registration nos.:

6        **5194828 and serial no. 88703192**];

7    **VIII.**   For such further and other damages, equitable relief and statutory attorney

8        fees as the Court deems just and proper.

9

10 Dated: December 26, 2019           Respectfully submitted,

11                      ADLESON, HESS & KELLY, APC

12

13                      By: _____

14                             Jeffrey A. Baruh, Esq.

                            Attorneys for **WAG HOTELS, INC.**

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.able-law.com