UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WAG HOTELS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>WAG LABS, INC.,<br><br>    Defendant. | Case No. 20-cv-01326-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER AND SCHEDULING ORDER**<br><br>[Re: ECF No. 29] |

Before the Court is Defendant's Motion for Leave to File Second Amended Answer and Counterclaims and to Amend Scheduling Order. ECF No. 29 ("Mot."). The Motion is unopposed. ECF No. 30. The Court hereby GRANTS Defendant's motion for leave to file a second amended answer, and GRANTS Defendant's motion for leave to amend the scheduling order, as modified below.

I.  **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 16, a party seeking to amend a scheduling order or to amend a pleading past the deadline set by a scheduling order must show "good cause" for such relief. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). If the moving party establishes "good cause" to modify the scheduling order, "it must then demonstrate that its motion is also proper under Rule 15." *Rodarte v. Alameda Cty.*, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015) (citing *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992)).

The "good cause" analysis "is not coextensive with an inquiry into the propriety of the amendment under [] Rule 15." *Johnson*, 975 F.2d at 609. "Unlike Rule 15(a)'s liberal amendment policy . . . Rule 16(b)'s 'good cause' standard primarily considers the diligence of the

party seeking the amendment." *Id.* Courts may take into account any resulting prejudice to the opposing party, but "the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification ... [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (quoting *Johnson,* 975 F.2d at 609).

**II.  DISCUSSION**

**A.  Motion for Leave to Amend Scheduling Order**

Defendant argues that there is good cause to amend the scheduling order because the expert disclosure deadline is after the last day for dispositive motions to be heard, and no expert rebuttal deadline or expert discovery cutoff date has been set. Mot. at 4. While the Court notes that it was the *parties* that stipulated to an expert disclosure deadline following the last day for dispositive motions to be heard, *see* ECF No. 23, the Court nonetheless finds that there is good cause to amend the schedule per Defendant's motion. Good cause appearing, the Court ADOPTS Defendant's proposed schedule with one exception—the Court SETS the Last Day to Hear Dispositive Motions for January 19, 2023, rather than Defendant's proposed January 26, 2023.

**B.  Motion for Leave to File Second Amended Answer**

The Court finds that Defendant has shown good cause to amend its answer under Federal Rule of Civil Procedure 16. Defendant has shown diligence in promptly seeking to amend its answer given later-discovered facts, Mot. at 2, and its motion for leave to amend is unopposed. ECF No. 30. Further, the Court notes that Plaintiff is unlikely to be prejudiced given that nine months remain before the close of fact discovery. *See* ECF No. 23. Accordingly, the Court GRANTS Defendant's motion for leave to file a second amended answer.

**III.  ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1)  Defendant's Motion for Leave to File Second Amended Answer and Counterclaims is GRANTED;

(2)  the Last Day to Amend Pleadings is SET to **October 14, 2021**;

(3)  the Fact Discovery Cutoff remains **July 1, 2022**;

2

  (4)  the Expert Disclosure Deadline remains **October 25, 2022**;

  (5)  the Expert Rebuttal Deadline is SET to **November 22, 2022**;

  (6)  the Expert Discovery Cutoff is SET to **December 16, 2022**;

  (7)  the Last Day to Hear Dispositive Motions is SET to **January 19, 2023 at 9 a.m.**;

  (8)  the Final Pretrial Conference is SET to **April 6, 2023 at 1:30 p.m.**;

  (9)  Jury trial is SET to begin on **May 22, 2023 at 9 a.m.**

**IT IS SO ORDERED.**

Dated:  October 7, 2021

_____
BETH LABSON FREEMAN
United States District Judge