UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WAG HOTELS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WAG LABS, INC.,<br><br>　　　　Defendant. | Case No. 20-cv-01326-BLF<br><br>**ORDER GRANTING IN PART PLAINTIFF WAG HOTELS, INC.'S MOTION TO DISMISS, MOTION FOR MORE DEFINITE STATEMENT, AND/OR MOTION TO STRIKE DEFENDANT WAG LABS, INC.'S SECOND AMENDED ANSWER/COUNTERCLAIM**<br><br>[Re: ECF No. 38] |

　　　　Before the Court is Plaintiff Wag Hotels, Inc.'s ("Wag Hotels") motion to dismiss, motion for a more definite statement, and/or motion to strike affirmative defenses and counterclaims in Defendant Wag Labs, Inc.'s ("Wag Labs") Second Amended Answer. *See* Motion, ECF No. 38. This is an action for breach of contract, trademark infringement, and unfair competition arising from Wag Labs' alleged breach of a settlement agreement resolving prior trademark litigation between the parties in the Central District of California—*Wag Hotels, Inc. v. Wag Labs, Inc.*, No. 2:15–cv–04408 (the "Prior Action"). The settlement agreement includes a provision requiring Wag Labs to use a particular image in branding its services. If Wag Labs seeks to materially change its branding, it is required to notify Wag Hotels, and Wag Hotels can object within a two-week timeframe. Two months after the settlement agreement was executed, Wag Labs filed a trademark application for a mark different from the one authorized by the settlement agreement and began using it in its branding without notifying Wag Hotels. Upon learning of this branding change, Wag Hotels filed the present action.

　　　　Wag Labs filed a second amended answer asserting two affirmative defenses (the ninth and

1  tenth) based on the alleged invalidity of the settlement agreement. In its ninth affirmative defense,
2  Wag Labs asserts the contract is illusory. In the tenth, Wag Labs asserts that the contract is an illegal
3  restraint of trade under California Business & Professions Code § 16600. Further, Wag Labs asserts
4  two counterclaims—one seeking a declaration that the settlement agreement is invalid under the
5  same grounds as the above affirmative defenses, and the other seeking to reform the contract under
6  the doctrines of mutual or unilateral mistake. Wag Hotels now seeks to strike or dismiss the
7  affirmative defenses and dismiss the counterclaims. In the alternative to dismissing Wag Labs'
8  second counterclaim for reformation, Wag Hotels moves for a more definite statement. Wag Labs
9  opposes. *See* Opposition, ECF No. 39.

Based on the below reasoning, the Court hereby STRIKES Wag Labs' ninth and tenth affirmative defenses WITH LEAVE TO AMEND. Further, the Court DISMISSES Wag Labs' counterclaims WITH LEAVE TO AMEND.

### I.  BACKGROUND

Wag Labs is a Delaware corporation with its principal place of business in California. *See* Complaint, ECF No. 1-1 ¶ 2. Wag Labs offers a mobile app for coordinating pet care services, including dog walking and pet sitting. *See id.* ¶ 14. Wag Hotels is a Delaware corporation that operates in California. *See id.* ¶ 1. Wag Hotels offers kennel and pet care services including boarding, training, grooming, bathing, dog-walking, and other exercise. *See id.* ¶ 10.

The present action arises out of a settlement agreement resulting from the Prior Action. In 2014, Wag Hotels received U.S. Trademark Registration No. 3,465,083 for use of the following mark in connection with kennel services:



*See id.* ¶ 9. Around January 2014, Wag Labs began offering dog-walking services using the brand name "Wag." *See id.* ¶ 13. Wag Hotels filed its complaint in the Prior Action on June 10, 2015,

alleging federal trademark infringement and breach of California's Unfair Competition Law ("UCL"). *See id.* ¶ 17. The parties settled the Prior Action, resulting in the June 15, 2016 settlement agreement. *See* RJN, Ex. D (the "Settlement Agreement"). Section 4 of the Settlement Agreement reads as follows:

> On or before October 31, 2016, Wag Labs will implement branding materially consistent with the following image in all channels it controls including its website, mobile application (including splash page, and home page), social media home pages, outbound emails, billboards, bandanas and other "swag":
>
> 
>
> (the "Image"). Wag Labs shall not be required to use the Image as its app icon in any app store, phone and social media icon, or profile photo where the use of the Image would be graphically impractical. Wag Labs shall not be required to use the Image in connection with goods or services outside the scope of dog walking. Notwithstanding the foregoing, for all uses in word format, Wag Labs will consistently use "Wag!". In the event that Wag Labs seeks to materially change its branding, Wag Labs will provide Wag Hotels with written notice of the proposed branding changes 28 days prior to the implementation of any changes. Wag Hotels shall have 14 days from the date the notice is sent to provide any written comments or objections to Wag Labs. If Wag Hotels does not provide comments or objections within the 14 day period, Wag Hotels [sic] silence will be construed as acceptance of the branding changes. Wag Hotels shall not unreasonably object to any proposed branding changes. In the event that Wag Labs acts in breach of this Section 4 of the Agreement, Wag Hotels shall be entitled to a remedy of specific performance in addition to any other applicable remedy in equity or law.

Settlement Agreement § 4. Wag Labs applied for a trademark on the mark shown in Section 4 of the Settlement Agreement on August 18, 2016. *See* Complaint, ECF No. 1-1 ¶ 18. It received a trademark on May 2, 2017—U.S. Trademark Registration No. 5,194,829 (the "Wag Labs Image Mark"). *See id.*

Around late 2018 or early 2019, Wag Hotels alleges that it discovered that Wag Labs was

offering services under another mark it had applied for in 2016 concurrently with the Wag Labs Image Mark—U.S. Trademark Registration No. 5,194,828 (the "Wag Labs Text Mark"). *See id.* ¶¶ 29–31; Motion, ECF No. 38 at 4–5. The Wag Labs Text Mark is shown below:

**Wag!**

U.S. Trademark Registration No. 5,194,828. Wag Hotels alleges that by using this mark, Wag Labs materially changed its branding without notifying Wag Hotels in breach of Section 4 of the Settlement Agreement. *See* Complaint, ECF No. 1-1 ¶¶ 27–31. Based on this conduct and alleged violations of some other provisions of the Settlement Agreement, Wag Hotels asserts claims for (1) breach of contract; (2) breach of the implied duty of good faith and fair dealing; (3) cancellation of the Wag Labs Text Mark; (4) federal trademark infringement; (5) violation of the UCL; and (6) declaratory relief regarding Wag Hotels' rights under the Settlement Agreement. *See id.* ¶¶ 26–63.

On October 8, 2021, Wag Labs filed an amended answer, which included ten affirmative defenses and two counterclaims. *See* Second Amended Answer, ECF No. 32. Wag Hotels moved to dismiss, strike, or for a more definite statement as to two of the affirmative defenses and both counterclaims. *See* Motion, ECF No. 38. Wag Hotels moves to dismiss or strike Wag Labs' ninth and tenth affirmative defenses. Wag Hotels argues that Wag Labs' ninth and tenth affirmative defenses—for invalidity of the Settlement Agreement as illusory and an illegal restraint of trade under California Business & Professions Code § 16600—are inadequately pled, so they should be dismissed or struck. Additionally, Wag Hotels moves to dismiss Wag Labs' counterclaims. Wag Hotels argues that Wag Labs' first counterclaim—for invalidity of the Settlement Agreement—and second counterclaim—for reformation of the Settlement Agreement based on mutual or unilateral mistake—should be dismissed as inadequately pled. In the alternative, Wag Hotels moves for a

4

more definite statement as to Wag Labs' second counterclaim. Wag Labs opposes. *See* Opposition, ECF No. 39.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a plaintiff has stated a claim, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

### B. Rule 12(f)

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Motions to strike are "generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties." *Sliger v. Prospect Mortg., LLC*, 789 F.Supp.2d 1212, 1216 (E.D. Cal. 2012) (citations omitted); *see also United States v. Wang*, 404 F.Supp.2d 1155, 1156 (N.D. Cal. 1991) ("[M]otions to strike should not

1 be granted unless it is clear that the matter to be stricken could have no possible bearing on the
2 subject matter of the litigation."). If a claim is stricken, "[i]n the absence of prejudice to the
3 opposing party, leave to amend should be freely given." *Wyshak v. City Nat'l Bank*, 607 F.2d 824,
4 826 (9th Cir. 1979) (citations omitted).

### C. Rule 12(e)

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Although generally viewed with disfavor, the proper test in evaluating a Rule 12(e) motion is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." *Zody v. Microsoft Corp.*, No. 12–cv–00942–YGR, 2012 WL 1747844, at *3 (N.D. Cal. May 16, 2012) (internal quotation marks and citation omitted).

### D. Leave to Amend

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

## III. DISCUSSION

### A. Request for Judicial Notice

Wag Hotels requests that the Court take judicial notice of four exhibits. *See* Request for Judicial Notice ("RJN"), ECF No. 38-1. Wag Labs does not oppose Wag Hotels' request.

There are two doctrines that permit district courts to consider material outside the pleadings without converting a motion to dismiss into a motion for summary judgment: judicial notice under

Federal Rule of Evidence 201 and incorporation by reference. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615 (2019). The judicial notice doctrine permits a court to take judicial notice of matters that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). However, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. For instance, though public records are generally subject to judicial notice, a court may not take judicial notice of disputed facts within public records. *See id.*

"[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. This doctrine permits a court to consider a document "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A court generally "may assume an incorporated document's contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Khoja*, 899 F.3d at 1003 (internal quotations omitted). Because all inferences must still be drawn in the nonmoving party's favor, however, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.*

Wag Hotels requests judicial notice of four exhibits:

- Exhibit A is a PACER report indicating the parties and law firms in the Prior Action and providing a list of docket entries. *See* RJN, Ex. A.
- Exhibit B is a Joint Stipulation of Dismissal with Prejudice Pursuant to Federal Rules of Civil Procedure 41(a)(1)(A)(ii) filed at ECF No. 48 on June 20, 2016 in the Prior Action. *See id.*, Ex. B.
- Exhibit C is a Joint Scheduling Conference Statement filed at ECF No. 24 on December 31, 2015 in the Prior Action. *See id.*, Ex. C.
- Exhibit D is a copy of the Settlement Agreement. *See id.*, Ex. D.

7

1    Wag Hotels argues that the exhibits are subject to judicial notice under Rule 201 of the
2 Federal Rules of Evidence, since they are "sources whose accuracy cannot be reasonably questioned,
3 . . . including the contents of court files in other lawsuits." *See* RJN, ECF No. 38-1 at 1–2. The
4 Court agrees as to Exhibits A, B, and C, which are filings in and records from a government website
5 regarding the Prior Action. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 n.9
6 (9th Cir. 1987); *Kater v. Church Downs Incorp.*, 886 F.3d 784, 788 n.3 (9th Cir. 2018). As to
7 Exhibit D, the Court finds that this document—the Settlement Agreement—is incorporated by
8 reference into the complaint and answer, since both extensively reference this document. *Ritchie*,
9 342 F.3d at 908.

10   Based on the above reasoning, the Court GRANTS Wag Hotels' request for judicial notice.

**B.   Ninth Affirmative Defense – Invalid or Unenforceable Contract**

12   Wag Hotels moves to dismiss or strike Wag Labs' ninth affirmative defense that Section 4
13 of the Settlement Agreement is invalid or unenforceable as illusory. Generally, "[a] contract is
14 unenforceable as illusory when one of the parties has the unfettered or arbitrary right to modify or
15 terminate the agreement or assumes no obligations thereunder." *Harris v. TAP Worldwide, LLC*,
16 248 Cal.App.4th 373, 385 (2016).

17   In its ninth affirmative defense, Wag Labs alleges that the Settlement Agreement is invalid
18 or unenforceable, because (1) Section 4 does not specify a time period, rendering it illusory and
19 (2) Section 4 offers an objection process for Wag Labs' branding changes without offering a
20 standard—other than the ambiguous prohibition on "unreasonabl[e]" objections—or any available
21 recourse. *See* Second Amended Answer, ECF No. 32 at 11–12. Wag Labs further alleges that by
22 commencing this litigation, Plaintiff breached the implied covenant of good faith and fair dealing
23 by arbitrarily exercising its discretion under the Settlement Agreement without good faith, thereby
24 rendering the contract illusory. *See id.* at 12. Wag Labs also alleges that Wag Hotels' conduct
25 indicates that it would have objected to Wag Labs' use of the Wag Labs Text Mark in bad faith if
26 Wag Labs had provided notice to Wag Hotels of its use of that mark. *See id.*

27   Wag Hotels argues that Wag Labs has not adequately alleged that Section 4 of the Settlement
28 Agreement is illusory. Wag Hotels argues that the Settlement Agreement provides an objective

8

standard for Wag Hotels' objections to Wag Labs' branding changes: "Wag Hotels shall not unreasonably object to any proposed branding changes." *See* Reply, ECF No. 40 at 5 (citing Settlement Agreement § 4); Motion, ECF No. 38 at 10. Further, to the extent Wag Labs' ninth affirmative defense is based on Wag Hotels' conduct, Wag Hotels argues that (1) filing a lawsuit is privileged and not a proper factual predicate for a claim for relief and (2) what Wag Hotels would have done if Wag Labs had properly notified it of its branding change is mere speculation. *See* Motion, ECF No. 38 at 10–11. In response, Wag Labs argues that it has adequately pled that Section 4 of the Settlement Agreement is illusory. *See* Opposition, ECF No. 39 at 6–8. Wag Labs argues that Section 4 is illusory because it is conditional on an event wholly under Plaintiff's control, which courts have found to indicate an illusory contract. *See id.* at 6 (citing *Asmus v. Pacific Bell*, 23 Cal.4th 1, 15 (2000)). Further, Wag Labs argues that Section 4 provides no recourse for Wag Labs in the event that Wag Hotels objects to a branding change. *See id.* at 8.

The Court agrees with Wag Hotels. Section 4 of the Settlement Agreement "do[es] not leave an unlimited option" for Wag Hotels to object to Wag Labs' branding changes. *Asmus*, 23 Cal.4th at 4. Rather, it prohibits Wag Hotels from "unreasonably object[ing]" to Wag Labs' branding changes. Settlement Agreement § 4. Accordingly, Section 4 does not render the Settlement Agreement illusory. *See Asmus*, 23 Cal.4th at 4. Wag Labs argues that Section 4 provides "no recourse for [Wag Labs] in the event of an objection by [Wag Hotels]." *See* Opposition, ECF No. 39 at 8. But this is incorrect—if Wag Hotels unreasonably objects to Wag Labs' branding change, then Wag Labs can file a breach of contract action against Wag Hotels for violating the Settlement Agreement. *See Gilead*, 536 F.3d at 1055 (courts need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit").

Wag Labs argues that Wag Hotels' conduct—filing the present lawsuit—shows that Wag Hotels would have objected in bad faith if Wag Labs had notified it of its branding change, thereby rendering Section 4 of the Settlement Agreement illusory. *See* Opposition, ECF No. 39 at 8. However, if Wag Labs had notified Wag Hotels and Wag Labs had objected in bad faith, then Wag Labs still could have sued Wag Hotels for an "unreasonabl[e]" objection. Settlement Agreement § 4. Accordingly, Wag Labs has failed to adequately plead that Wag Hotels' conduct indicates the

9

1 illusory nature of the Settlement Agreement.

2 Based on the above reasoning, the Court hereby STRIKES Wag Labs' ninth affirmative

3 defense WITH LEAVE TO AMEND. *See Wyshak*, 607 F.2d at 826.

**C. Tenth Affirmative Defense – Illegal Restraint of Trade**

Wag Hotels moves to dismiss or strike Wag Labs' tenth affirmative defense that Section 4 of the Settlement Agreement is unenforceable as an illegal restraint of trade under California Business & Professions Code § 16600. *See* Motion, ECF No. 38 at 11–13; Reply, ECF No. 40 at 6–9. Under § 16600, "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Cal. Bus. & Prof. C. § 16600. The parties agree that unreasonable contractual restraints on business operations and commercial dealings can violate § 16600. *See* Opposition, ECF No. 39 at 9 (citing *Ixchel Pharma LLC v. Biogen Inc.*, 9 Cal.5th 1130, 1160 (2020)); Reply, ECF No. 40 at 7 (same). The parties also agree that the unreasonableness of a contractual restraint is determined by weighing its harm to competition in a relevant market against its procompetitive effects. *See* Opposition, ECF No. 39 at 9 (citing *Flagship Theatres of Palm Desert LLC v. Century Theatres Inc.*, 55 Cal.App.5th 381, 396 (2020)); Reply, ECF No. 40 at 8 (same).

In its tenth affirmative defense, Wag Labs alleges that Section 4 of the Settlement Agreement is unreasonable and anticompetitive. *See* Second Amended Answer, ECF No. 32 at 12–13. Wag Labs claims that Section 4 "deprives [Wag Labs] of the ability and freedom, for eternity" to make its own branding decisions or to freely use non-infringing branding of Wag Labs' choice without being subject to Wag Hotels' "absolute unfettered discretion." *See id.* at 13.

Wag Hotels argues that Wag Labs fails to plead competitive harm resulting from Section 4 of the Settlement Agreement. *See* Reply, ECF No. 40 at 8–9; Motion, ECF No. 38 at 13. Wag Hotels argues that Wag Labs merely alleges that Section 4 restricts Wag Labs' use of a trademark and logo deceptively and confusingly similar to Wag Hotels' mark, which is an insufficient factual predicate for competitive harm. *See* Motion, ECF No. 38 at 13. In response, Wag Labs argues that it has adequately pled its tenth affirmative defense, because it alleges that Section 4 of the Settlement Agreement "deprives [Wag Labs] of the ability to freely engage in a lawful business under any non-

10

infringing branding of Defendant's choice and to freely compete in the relevant market place." *See* Opposition, ECF No. 39 at 9–10.

The Court agrees with Wag Hotels. Wag Labs has not adequately pled competitive harm. Wag Labs has failed to plead that Section 4 of the Settlement Agreement resulted in any adverse effect on its business. Instead, Wag Labs merely alleges speculative harm like being unable to "freely compete" in the relevant market. *See* Opposition, ECF No. 39 at 9–10. Such speculative harm is insufficient to plead an unreasonable restraint of trade under § 16600. *See Ixchel Pharma, LLC v. Biogen Inc.*, No. 2:17–00715 WBS EFB, 2018 WL 558781, at *4 (E.D. Cal. Jan. 25, 2018). Even if Wag Labs is not free to pick whatever branding it wants, that does not mean it was *per se* competitively harmed. Wag Labs must plead competitive harm with more particularity if it wishes to proceed with its § 16600 defense.

Accordingly, the Court hereby STRIKES Wag Labs' tenth affirmative defense WITH LEAVE TO AMEND. *See Wyshak*, 607 F.2d at 826.

### D. Wag Labs' First Counterclaim

In its first counterclaim, Wag Labs seeks declaratory judgment that Section 4 of the Settlement Agreement is invalid and unenforceable for the reasons outlined in support of its ninth and tenth affirmative defenses. *See* Second Amended Answer, ECF No. 32 at 16. Since Wag Hotels moves to strike Wag Labs' ninth and tenth affirmative defenses, Wag Hotels argues that Wag Labs' first counterclaim should be dismissed as well. *See* Reply, ECF No. 40 at 9–10. In response, Wag Labs argues that its first counterclaim "closely relates" to its ninth and tenth affirmative defenses, and since those defenses are adequately pled, so too is its first counterclaim. *See* Opposition, ECF No. 39 at 11–12.

Since the Court strikes Wag Labs' ninth and tenth affirmative defenses with leave to amend, it also DISMISSES Wag Labs' first counterclaim WITH LEAVE TO AMEND.[1] *See Eminence*

---

[1] The Court notes that Wag Hotels did not move to dismiss Wag Labs' first counterclaim in its motion—only raising this argument on reply. *See* Reply, ECF No. 40 at 9–10. However, since Wag Labs' first counterclaim is based on the same grounds as its inadequately pled ninth and tenth affirmative defenses, the Court finds that dismissal of the first counterclaim is appropriate. Further, Wag Hotels' failure to move to dismiss Wag Labs' first counterclaim in its opening brief did not prejudice Wag Labs, since Wag Labs opposed dismissal of the first counterclaim in its Opposition.

*Capital*, 316 F.3d at 1052.

### E. Wag Labs' Second Counterclaim

Wag Hotels moves to dismiss or in the alternative for a more definite statement as to Wag Labs' second counterclaim for reformation of the Settlement Agreement based on mutual or unilateral mistake. Under California Civil Code § 3399, "[w]hen, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention[.]"

In its second counterclaim, Wag Labs asserts a claim for contract reformation based on mutual or unilateral mistake. *See* Second Amended Answer, ECF No. 32 at 16–18. Wag Labs alleges that it did not intend for its use of the Wag Labs Text Mark to be considered a material change to its branding under Section 4 of the Settlement Agreement. *See id.* at 17. Wag Labs further alleges that its intent is evidenced by the fact that it filed its Wag Labs Text Mark application only two months after signing the Settlement Agreement. *See id.* Additionally, Wag Labs alleges that Wag Hotels' conduct since the agreement was signed—filing this lawsuit based on Wag Labs' use of the Wag Labs Text Mark in spite of express language of the Settlement Agreement allowing such use—further evidences unilateral or mutual mistake. *See id.* at 18. Wag Labs seeks declaratory judgment reforming Section 4 of the Settlement Agreement to reflect that (1) Wag Labs' use of the Wag Labs Text Mark is not a material change from its use of the Wag Labs Image Mark in its branding; (2) the Wag Labs Text Mark is permissible branding use in word format under Section 4 of the Settlement Agreement; and (3) the parties did not intend to deprive Wag Labs of its ability to use branding or marks that are not confusingly similar to the Wag Labs Image Mark. *See id.*

Wag Hotels argues that Wag Labs has failed to adequately allege mutual or unilateral mistake. *See* Motion, ECF No. 38 at 13–18. Under a unilateral mistake theory, Wag Hotels argues that Wag Labs must show that it was mistaken about a basic assumption underlying the Settlement Agreement and that Wag Hotels used that knowledge to take advantage of Wag Labs. *See id.* at 16.

---

*See* Opposition, ECF No. 39 at 11–12.

1   Wag Hotels argues that Wag Labs has not pled sufficient facts, especially under the particularized
2   pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *See id.* at 16–17; Reply,
3   ECF No. 40 at 11–12. Further, under a mutual mistake theory, Wag Hotels argues that Wag Labs
4   has failed to adequately plead how Section 4 of the Settlement Agreement deviates from the parties'
5   mutual understanding. *See* Reply, ECF No. 40 at 12–13. Additionally, Wag Hotels argues that
6   reforming Section 4 of the Settlement Agreement as Wag Labs requests would defeat the whole
7   purpose of the provision. *See* Motion, ECF No. 38 at 17; Reply, ECF No. 40 at 13. Doing so would
8   allow Wag Labs to use the Wag Labs Text Mark in its branding—even though it is confusingly
9   similar to Wag Hotels' mark. *See id*. In response, Wag Labs argues that it has adequately pled that
10  the parties intended for the Wag Labs Text Mark not to be a material branding change from the Wag
11  Labs Image Mark. *See* Opposition, ECF No. 39 at 12–14. In support, Wag Labs points, *inter alia*,
12  to Wag Hotels' failure to object to Wag Labs' public use of the Wag Labs Text Mark for an extended
13  period of time. *See id.* at 13 (citing Second Amended Answer, ECF No. 32 ¶¶ 50–51, 61).

14  The Court agrees with Wag Hotels. Wag Labs has failed to adequately plead mutual or
15  unilateral mistake. A unilateral mistake theory under California law requires a plaintiff to plead a
16  "mistake of one party, which the other at the time knew or suspected[.]" Cal. Civ. C. § 3399. Wag
17  Labs has not pled any facts to support that Wag Hotels "knew or suspected" any mistake on Wag
18  Labs' part at the time the contract was executed—let alone particularized facts under Rule 9(b).
19  Further, Wag Labs has not pled sufficient facts to support a mutual mistake theory. Under California
20  law, a plaintiff must plead "a mutual mistake of the parties" such that "a written contract does not
21  truly express the intention of the parties[.]" Cal. Civ. C. § 3399. Wag Labs has failed to allege
22  facts sufficient to indicate the mutual understanding of the parties from which the Settlement
23  Agreement deviated.

24  Each of the allegations Wag Labs points to in support of its mutual mistake theory is
25  inadequate. First, Wag Labs points to the language of the contract itself: "Notwithstanding the
26  foregoing, for all uses in word format, Wag Labs will consistently use 'Wag!'." *See* Opposition,
27  ECF No. 39 at 13 (citing Settlement Agreement § 4). The Court does not see how the language of
28  the contract itself can show an intent of the parties that the "written contract does not truly

13

express[.]" Cal. Civ. C. § 3399. Second, Wag Labs asserts that the Wag Labs Text Mark is not "a material change" to its branding or "confusingly similar" to Wag Hotels' mark, so the parties cannot have intended to require Wag Labs to provide notice of its use of the mark. *See* Opposition, ECF No. 39 at 13 (citing Second Amended Answer, ECF No. 32 ¶ 48; Motion, ECF No. 38 at 19:13–16). Conclusory statements and attorney argument about similarity and materiality are insufficient to plead the parties' true intention at the time the Settlement Agreement was formed. Third, Wag Labs points to the fact that it started publicly using the Wag Labs Text Mark shortly after entering into the Settlement Agreement, and Wag Hotels did not object for an extended period of time. *See* Opposition, ECF No. 39 at 13 (citing Second Amended Answer, ECF No. 32 ¶¶ 50–51, 61). Wag Labs did not file an application for the Wag Labs Text Mark until two months after the parties executed the Settlement Agreement. Further, Wag Labs did not even notify Wag Hotels of the application or its use of the Wag Labs Text Mark. Accordingly, the Court does not find it to be a reasonable inference that Wag Labs' and Wag Hotels' post-execution conduct expresses their intention that use of the Wag Labs Text Mark would not constitute a material branding change under the Settlement Agreement. Wag Labs needs to plead more facts regarding the parties' mutual intention at the time the Settlement Agreement was executed if it wishes to proceed with its counterclaim for reformation based on mutual mistake.

Based on the above reasoning, the Court DISMISSES Wag Labs' second counterclaim WITH LEAVE TO AMEND. *See Eminence Capital*, 316 F.3d at 1052.

In the alternative, Wag Labs moves for a more definite statement as to Wag Hotels' second counterclaim under Federal Rule of Civil Procedure 12(e). Since the Court dismisses Wag Labs' second counterclaim under Rule 12(b)(6) with leave to amend, the Court declines to reach Wag Hotels' motion for a more definite statement under Rule 12(e).

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Wag Labs' ninth and tenth affirmative defenses are STRICKEN WITH LEAVE TO AMEND;
2. Wag Labs' counterclaims are DISMISSED WITH LEAVE TO AMEND; and
3. Wag Labs SHALL have until 21 days from the date of this order to file an amended answer.

Dated:  April 25, 2022

BETH LABSON FREEMAN
United States District Judge