United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WAG HOTELS, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>WAG LABS, INC.,<br><br>    Defendant. | Case No. 20-cv-01326-BLF (VKD)<br><br>**ORDER RE SEPTEMBER 7, 2022 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 53 |

The parties ask the Court to resolve their dispute regarding whether two party witnesses may be compelled to give deposition testimony in person or whether the witnesses should be permitted to testify via remote video conference using Zoom or another platform. Dkt. No. 53. The Court finds this dispute suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

## I. BACKGROUND

In March of 2022, defendant Wag Labs, Inc. ("Wag Labs") served deposition notices on plaintiff WAG Hotels, Inc. ("WAG"), its CFO, Jessica Fuery-Pum, and its CEO, David Appel, to testify on its behalf. Dkt. No. 53 at 1. Wag Labs wishes to take these depositions in person at its counsel's offices in San Francisco, as noticed. *Id*. WAG objects to in-person depositions, and contends the depositions should be taken by video conference or conducted outdoors. *Id*.

## II. DISCUSSION

Rule 30(b)(1) of the Federal Rule of Civil Procedure permits the party seeking the deposition to set the time place of a deposition, upon reasonable written notice. Fed. R. Civ. P. 30(b)(1). However, the Court may, on motion, order that the deposition be taken by remote means. Fed. R. Civ. P. 30(b)(4). Further, the party from whom deposition testimony is sought

United States District Court
Northern District of California

1    may move for a protective order to protect the deponent from annoyance, embarrassment,

2    oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c)(1).  In resolving the parties'

3    dispute, the Court considers the harm or prejudice to WAG's witnesses if they are required to

4    testify in person, and the harm or prejudice to Wag Hotel if the witnesses testify by video

5    conference.  *See, e.g., Vargas v. Evergreen Pro. Recoveries Inc*., No. 2:21-CV-00926-RSL-JRC,

6    2022 WL 856991, at *1 (W.D. Wash. Mar. 23, 2022); *JUUL Labs Inc. v. Chou*, No. 2:21-CV-

7    03056-DSF-PD, 2022 WL 2165411, at *3 (C.D. Cal. Feb. 11, 2022).

8         WAG objects to the in-person depositions of Ms. Fuery-Pum and Mr. Appel "due to

9    concerns about contracting Covid and related health concerns."  Dkt. No. 53 at 1.  WAG does not

10   elaborate on these concerns in support of its objection.  Its portion of the joint submission includes

11   excerpts of counsels' communications about depositions, but it is not clear whether Ms. Fuery-

12   Pum and Mr. Appel are the "prospective deponents" being discussed.[1]  One such excerpt states

13   that an unnamed deponent has an immediate family member who suffers from "long COVID" and

14   also has a spouse with a compromised immune system (*id.* at 2 & n. 1), while another unnamed

15   deponent has young children who have had COVID once before (*id.* at 2).  Because WAG has not

16   articulated any particular concerns specific to either Ms. Fuery-Pum or Mr. Appel, the Court

17   understands WAG's argument to be that the COVID-19 pandemic is not over, even if public

18   health conditions have improved substantially in San Francisco, and participating in in-person

19   depositions remains unsafe for everyone.

20        Wag Labs argues that in-person depositions are superior to depositions by remote video

21   conference and that there is no reason why Ms. Fuery-Pum and Mr. Appel should not be expected

22   to testify in person.  *Id.* at 4.  Specifically, Wag Labs observes that "[n]either deponent is ill, there

23   are no COVID restrictions in San Francisco for in-person meetings, and there are no travel risks

24   for either Mr. Appel or Ms. [Fuery]-Pum, as both are domiciled near the Bay Area."  *Id.*  In

25   addition, Wag Labs argues that Mr. Appel can have no plausible COVID-related health concerns

26

27   _____

     [1] WAG's portion of the joint submission does not indicate which deponent has which concerns, or

28   whether this discussion refers to entirely different people who are prospective designees for Wag
     Labs' Rule 30(b)(6) notice, which is not at issue here.

1  that would interfere with his sitting for an in-person deposition because he is travelling

2  internationally throughout Europe during the month of September—a riskier endeavor.  *Id.*

3  Moreover, Wag Labs claims that video conference depositions are "inherently limited," and create

4  more stress and anxiety for the deponent and the examiner.  *Id.*

5      The Court agrees with WAG that public health conditions are not yet "normal."  After all,

6  there is still a public health emergency declaration in effect due to COVID-19.  *See*

7  *https://aspr.hhs.gov/legal/PHE/Pages/covid19-15jul2022.aspx.*  On the other hand, while there

8  was a time during the pandemic when it was unsafe for anyone to conduct depositions in person,

9  Wag Labs is correct that circumstances have changed.  The Bay Area counties now enjoy "low"

10  (*e.g.,* San Francisco, Alameda) or "medium" (*e.g.*, Marin) COVID-19 community levels and do

11  not have any prohibitions on in-person gatherings.[2]  Nevertheless, people continue to get sick and

12  die from COVID-19.

13      The Centers for Disease Control and Prevention ("CDC") provides the following general

14  guidance:

15  > Many people in the United States have some protection, or immunity,
   > against COVID-19 due to vaccination, previous infection, or both.
16  > This immunity, combined with the availability of tests and treatments,
   > has greatly reduced the risk of severe illness, hospitalization, and
17  > death from COVID-19 for many people.

18  > At the same time, some people—such as those who are older,
   > are immunocompromised, have certain disabilities, or have certain
19  > underlying health conditions—continue to be at higher risk for serious
   > illness.[3]

20  WAG has not shown that its two deponents have any risk factors or other circumstances that put

21  them at risk for serious illness from exposure to COVID-19.  In fact, as to Mr. Appel, Wag Labs

22  makes a persuasive showing that Mr. Appel's health concerns are selective, in so far as he is

23  willing to undertake the risk of exposure associated with international travel but not willing to

24  undertake the arguably much more modest risk of attending an in-person, local deposition in a

25  large conference room.

26  _____

27  [2] *See* https://www.cdc.gov/coronavirus/2019-ncov/your-health/covid-by-county.html.

28  [3] *See* https://www.cdc.gov/coronavirus/2019-ncov/your-health/covid-by-county.html.

3

1    At the same time, remote video conferencing has become a standard means of taking

2    depositions.  *See, e.g., Rouviere v. DePuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571, 575 (S.D.N.Y.

3    2020).  In fact, many litigants prefer in-person depositions as a matter of convenience and

4    efficiency.  Apart from an assertion that it should be permitted to evaluate the credibility of

5    WAG's witnesses in person, Wag Labs offers no particular reason why it would suffer prejudice if

6    these two depositions were conducted by remote video conference.  *See* Dkt. No. 53 at 7.  Indeed,

7    it may be easier for Wag Labs to evaluate the credibility of witness who appears via video

8    conference without a mask than it is to evaluate the credibility of a witness who wears a mask

9    while testifying in person.  *See id.* (Wag Labs stating it has "no objection if the witnesses would

10   like to wear masks").

11   In these circumstances, if Wag Labs wishes to take the deposition of Mr. Appel in person it

12   may do so, so long as the COVID-19 community levels remain "low" or "medium" in the Bay

13   Area.  WAG has made no showing that Mr. Appel is among the people the CDC considers at high

14   risk for serious illness from COVID-19 exposure or that he resides with someone at such risk.  In

15   addition, given the undisputed evidence that Mr. Appel is currently engaging in international

16   travel, the Court infers that he can also safely participate in an in-person deposition without undue

17   risk to himself or others, so long as reasonable precautions are taken.  WAG also has made no

18   showing that Ms. Fuery-Pum is among the people the CDC considers at high risk for serious

19   illness from COVID-19 exposure or that she resides with someone at such risk.  However, the

20   record is less developed as to Ms. Fuery-Pum.  If she does fall into this risk category, the Court

21   expects her deposition to proceed by remote video conference unless she is willing to participate

22   in an in-person deposition.

23   **III.   CONCLUSION**

24   For the reasons explained above, Mr. Appel's deposition shall proceed in person as

25   noticed, unless the parties agree otherwise.

26   Counsel must promptly confer regarding Ms. Fuery-Pum's circumstances.  If she is among

27   the people the CDC considers at high risk for serious illness from COVID-19 exposure or resides

28   with someone at such risk, her deposition will proceed by remote video conference, unless the

4

parties agree otherwise.

For any deposition conducted in person, the Court expects the parties to take reasonable precautions to avoid transmission of COVID-19, including, for example, requiring all participants to submit evidence of a negative COVID-19 antibody test taken within 24 hours of the deposition.

Requests to extend case management deadlines must be submitted to the presiding judge.

**IT IS SO ORDERED.**

Dated: September 12, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California

5