UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WAG HOTELS, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>WAG LABS, INC.,<br><br>            Defendant. | Case No. 20-cv-01326-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Re: ECF Nos. 61, 63] |

This is an action for breach of contract, trademark infringement, and unfair competition arising from Wag Labs's alleged breach of a settlement agreement resolving prior trademark litigation between the parties—*Wag Hotels, Inc. v. Wag Labs, Inc.*, No. 2:15-cv-04408 (C.D. Cal.) (the "Prior Action").

Each party moves for partial summary judgment, raising separate issues. Plaintiff Wag Hotels moves for partial summary judgment that (1) Defendant Wag Labs breached the parties' settlement agreement; (2) Wag Labs breached the implied covenant of good faith and fair dealing; (3) Wag Labs's trademark is cancelled; and (4) issuance of a preliminary injunction requiring Wag Labs to perform its obligations under the parties' settlement agreement. Wag Hotels Mot., ECF No. 63; *see also* Wag Hotels Reply, ECF No. 72. Wag Labs opposes the motion. *See* Wag Labs Opp'n, ECF No. 66.

Defendant Wag Labs moves for partial summary judgment that Wag Hotels's two damages theories are not viable as a matter of law. Wag Labs Mot., ECF No. 61; *see also* Wag Labs Reply, ECF No. 73. Wag Hotels opposes the motion. *See* Wag Hotels Opp'n, ECF No. 71.

The Court held a hearing on the parties' motions on April 13, 2023. For the reasons set forth

below, the Court DENIES Wag Hotels's motion for partial summary judgment and GRANTS Wag Labs's motion for partial summary judgment.

## I. BACKGROUND

Wag Labs was formed in mid-2014 by Josh and John Viner and Jason Metzger. Baruh Decl. Ex. 2 ("Wag Labs Dep."), at 25:9-12, 35:18-36:2, ECF No. 60-1. Its business model, which was captured by the phrase "[t]he button on the phone for the paw," was to be a one-stop shop for pet care. *Id.* at 36:7-13, 74:11-17. Wag Labs sought to capitalize on the emergence of mobile as a major platform by providing an application that would enable users to solve their pet's needs with a couple clicks of a button. *See id.* at 37:4-11.

In 2015, Wag Hotels sued Wag Labs for alleged trademark infringement and breach of California's Unfair Competition Law ("UCL") in the Central District of California. *See* Compl., *Wag Hotels, Inc. v. Wag Labs, Inc.*, No. 2:15-cv-04408 (C.D. Cal. June 10, 2015), ECF No. 1.[1] The parties ultimately entered into a Settlement Agreement that became effective on June 15, 2016. *See* Wag Hotels Request for Judicial Notice ("Wag Hotels RJN"), Ex. A ("Settlement Agreement"), ECF No. 60-2; *see also* DeCarlo Decl. Ex. 1, ECF No. 61-2.

Section 4 of the Settlement Agreement reads as follows:

> On or before October 31, 2016, Wag Labs will implement branding materially consistent with the following image in all channels it controls including its website, mobile application (including splash page, and home page), social media home pages, outbound emails, billboards, bandanas and other "swag":



---

[1] The Court takes judicial notice of the date of the filing of the complaint in *Wag Hotels, Inc. v. Wag Labs, Inc.*, No. 2:15-cv-04408 (C.D. Cal. June 10, 2015), and the fact that the complaint contains claims for trademark infringement and breach of the UCL. *See Peel v. BrooksAmerica Mortg. Corp.*, 788 F. Supp. 2d 1149, 1158 (C.D. Cal. 2011) ("[A] court may take judicial notice of the existence of another court's opinion or of the filing of pleadings in related proceedings; the Court may not, however, accept as true the facts found or alleged in such documents."); *see also* Fed. R. Evid. 201(c)(1) (noting that the a court may take judicial notice on its own). The Court does not accept as true the facts alleged in the complaint. *See Peel*, 788 F. Supp. 2d at 1158.

|     | (the "Image").  Wag Labs shall not be required to use the Image as its app icon in any app store, phone and social media icon, or profile photo where the use of the Image would be graphically impractical. Wag Labs shall not be required to use the Image in connection with goods or services outside the scope of dog walking.  Notwithstanding the foregoing, for all uses in word format, Wag Labs will consistently use "Wag!".  In the event that Wag Labs seeks to materially change its branding, Wag Labs will provide Wag Hotels with written notice of the proposed branding changes 28 days prior to the implementation of any changes.  Wag Hotels shall have 14 days from the date the notice is sent to provide any written comments or objections to Wag Labs.  If Wag Hotels does not provide comments or objections within the 14 day period, Wag Hotels [sic] silence will be construed as acceptance of the branding changes. Wag Hotels shall not unreasonably object to any proposed branding changes.  In the event that Wag Labs acts in breach of this Section 4 of the Agreement, Wag Hotels shall be entitled to a remedy of specific performance in addition to any other applicable remedy in equity or law. |

Settlement Agreement § 4.

On August 18, 2016, Wag Labs applied for at least two trademarks. *See* U.S. Trademark Reg. Nos. 5,194,828, 5,194,829.[2]  One was the mark shown in Section 4 of the Settlement Agreement (the "Image Mark"). *See* U.S. Trademark Reg. No. 5,194,829. The other was the following trademark (the "Text Mark"):



U.S. Trademark Reg. No. 5,194,828.  Both were registered on May 2, 2017.  *See* U.S. Trademark Reg. Nos. 5,194,828, 5,194,829.

Josh and John Viner remained at Wag Labs until the middle of 2018.  Wag Labs Dep. 26:24-27:3.  Both were "very cognizant" of the Settlement Agreement.  Wag Labs Dep. 30:22-32:1.

---

[2] The Court takes judicial notice of the filing dates and registration dates listed in the applications and registration certificates for U.S. Trademark Registration Numbers 5,194,828 and 5,194,829. *See Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 145 (N.D. Cal. 2020) ("[M]aterials in the online files of the USPTO and other matters of public record are proper subjects of judicial notice."); *Pinterest Inc. v. Pintrips Inc.*, 15 F. Supp. 3d 992, 997 (N.D. Cal. 2014) (noting that USPTO records are noticeable only for the purpose of demonstrating that the filings and actions described therein occurred on certain dates).

1   Before Wag Labs launched anything new on its website or mobile application, Josh and John Viner
2   sought to review those things and make sure that they were compliant. *Id.* at 32:1-4. Specifically,
3   they sought to use the Image Mark where visually applicable and to use the Text Mark where the
4   larger Image Mark was impractical. *Id.* at 32:14-18.

5   Today, Wag Labs uses the Text Mark more often than it uses the Image Mark, including on
6   certain shirts. *Id.* at 94:5-14, 95:2-17. This change to the shirts was made sometime in 2018 or
7   2019. *Id.* at 95:15-16.

8   On December 26, 2019, Wag Hotels filed a Complaint against Wag Labs in the Superior
9   Court of California in the County of Santa Clara, Case No. 19-CV-360764, alleging six claims: 1)
10  Breach of Contract, 2) Breach of Implied Covenant of Good Faith and Fair Dealing; 3) Cancellation
11  of Trademark; 4) Trademark Infringement; 5) California Statutory Unfair Competition; and 6)
12  Declaratory Relief. *See* Notice of Removal Ex. A, ECF No. 1-1. The case was removed to this
13  court on February 21, 2020. *See* Notice of Removal, ECF No. 1. Wag Hotels alleges, among other
14  things, that Wag Labs has breached the Settlement Agreement by discontinuing its use of the Image
15  Mark in certain applications required by the Settlement Agreement. Compl. ¶ 29. Wag Hotels also
16  alleges that Wag Labs breached the Settlement Agreement by registering the Text Mark. *Id.* ¶ 31.

17  Wag Hotels moves for partial summary judgment that Wag Labs is liable for breach of the
18  Settlement Agreement and breach of the implied covenant of good faith and fair dealing. Wag
19  Hotels Mot. 11-15. Wag Hotels also moves for partial summary judgment of cancellation of Wag
20  Labs's Text Mark and that Wag Hotels is entitled to specific performance of the settlement
21  agreement. *Id.* at 16-17.

22  Wag Labs moves for partial summary judgment that Wag Hotels is not entitled to damages
23  under its reasonable royalty or corrective advertising theories. Wag Labs Mot. 11-19.

24  **II.   LEGAL STANDARD**

25  "A party is entitled to summary judgment if the 'movant shows that there is no genuine
26  dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *City of*
27  *Pomona v. SQM North America Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (quoting Fed. R. Civ.
28  P. 56(a)). "Partial summary judgment that falls short of a final determination, even of a single claim,

4

is authorized by Rule 56 in order to limit the issues to be tried." *State Farm Fire & Cas. Co. v. Geary*, 699 F. Supp. 756, 759 (N. D. Cal. 1987).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle*, 627 F.3d at 387. "[T]he non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Id.*

"The court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor." *City of Pomona*, 750 F.3d at 1049. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (quotation marks and citation omitted).

## III. DISCUSSION

### A. Wag Hotels's Motion

#### 1. Request for Judicial Notice

The judicial notice doctrine permits a court to take judicial notice of adjudicative facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). However, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615 (2019). For instance, though public records are generally subject to judicial notice, a court may not take judicial notice of disputed facts within public records. *See id.* A court may take judicial notice at any stage of the proceeding. Fed. R. Evid. 201(d).

Wag Hotels requests judicial notice of the following six exhibits:

5

- Exhibit A is a copy of the Settlement Agreement between Wag Hotels and Wag Labs. *See* Wag Hotels RJN, Ex. A.
- Exhibit B is a copy of a Final Office Action for U.S. Trademark Application Serial No. 90255006. *See id.*, Ex. B ("'006 Appl. Office Action").
- Exhibit C is a copy of U.S. Trademark Application Serial No. 87142647, filed August 18, 2016. *See id.*, Ex. C ("Text Mark Application").
- Exhibit D is excerpts of the second amendment to Wag Group Co.'s Form S-1, as filed with the Securities Exchange Commission on October 28, 2022. *See id.*, Ex. D ("Wag Labs 2d Amd. Registration Statement").
- Exhibit E is an excerpt of the docket from *Wag Hotels, Inc. v. Wag Labs, Inc.*, 2:15-cv-4408-RGK-AGR. *See id.*, Ex. E ("Prior Action Docket").
- Exhibit F is a copy of this Court's Order Granting in Part Plaintiff Wag Hotels, Inc.'s Motion to Dismiss, Motion for More Definite Statement, and/or Motion to Strike Defendant Wag Labs, Inc.'s Second Amended Answer/Counterclaim (ECF No. 38). *See id.*, Ex. F.

Regarding Exhibit A, the Settlement Agreement, Wag Labs does not object to Wag Hotels's request to take judicial notice of this document and does not dispute its authenticity. Accordingly, the Court takes judicial notice of the document. *Cf. Anderson v. Gonzales*, 805 F. App'x 535, 536 & n.1 (9th Cir. 2020) (taking judicial notice of settlement agreement where authenticity is undisputed).

Exhibits B-F are all public documents whose authenticity is not subject to reasonable dispute. Accordingly, the Court takes judicial notice of the existence of these documents. *See Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139 (N.D. Cal. 2020) ("Materials in the online files of the USPTO and other matters of public record are proper subjects of judicial notice."); *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) ("It is appropriate for the court to take judicial notice of the content of the SEC Forms 4 and the fact that they were filed with the agency."); *Eliott v. Lions Gate Ent. Corp.*, No. 2:21-cv-08206-SSS-DFMx, 2022 WL 17408662, at *3 (C.D. Cal. Nov. 8, 2022) ("A court's official records are considered reliable public records not subject to reasonable dispute under the Federal Rules of Evidence."). The Court does

1 not take judicial notice of any facts contained within the documents. *Cf., e.g.*, *Patel,* 253 F.R.D. at 546 ("The truth of the content, and the inferences properly drawn from [the public document], however, is not a proper subject of judicial notice under Rule 201.").

Accordingly, the Court GRANTS Plaintiff's request for judicial notice.

### 2. Breach of Contract

Wag Hotels seeks partial summary judgment that Wag Labs breached the Settlement Agreement by using the Text Mark rather than the Image Mark. *See* Wag Hotels Mot. 13-15. Wag Labs responds that Wag Hotels has not offered evidence showing that Wag Labs used the Text Mark other than as permitted under the agreement. *See* Wag Labs Opp'n 7-10. According to Wag Labs, the agreement permits it to use its Text Mark (1) in connection with goods or services that are "outside the scope of dog walking," (2) for all uses in "word format," and (3) when use of the Image Mark is graphically impractical. *See id.* at 7-8. Wag Labs argues that each of its uses of the text mark falls within one of these permitted uses. *Id.* at 7-10. Wag Hotels replies that Wag Labs admits that it no longer uses the Image Mark on its website, t-shirts, or billboards and offers no examples to show that its marketing is permissible under the agreement. *See* Wag Hotels Reply 5-6.

"[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). Wag Hotels has the burden of proving its claim for breach of contract. *See, e.g.*, *Dillon v. Cont'l Cas. Co.*, 278 F. Supp. 3d 1132, 1138 (N.D. Cal. 2017). The parties' dispute focuses on the third element—Wag Labs's alleged breach of the Settlement Agreement. Wag Hotels must therefore produce evidence of the breach. *See Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975, 987 (9th Cir. 2006) ("When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." (internal quotations omitted)).

Before turning to its analysis, the Court notes that neither party contends that the Settlement Agreement is ambiguous. The Court therefore gives the contract terms their plain meaning. *Navarro v. Mukasey*, 518 F.3d 729, 734 (9th Cir. 2008) ("[W]e first determine whether the contract

7

1  language is clear or ambiguous. If the contract language is clear, we give effect to its plain meaning."
2  (citations omitted)).

3        The Court finds that there are genuine disputes of material fact that preclude summary
4  judgment. The Settlement Agreement permits Wag Labs to depart from using the Image Mark
5  "where use of the Image would be graphically impractical." Settlement Agreement § 4. It also
6  states that "for all uses in word format, Wag Labs will consistently use 'Wag!'." *Id.* Finally, the
7  agreement states that Wag Labs "shall not be required to use the Image in connection with goods or
8  services outside the scope of dog walking." *Id.* Wag Hotels asserts that Wag Labs's breach is
9  shown by Wag Labs's admissions that it uses the Text Mark more commonly than the Image Mark
10 and that certain Wag Labs t-shirts, billboards, and bandannas use the Text Mark rather than the
11 Image Mark. *See* Wag Hotels Mot. 7-8 (citing Wag Labs Dep. 93:19-94:7, 94:22-95:16, 118:1-7,
12 118:19-119:3)[3]. But these admissions do not address whether the t-shirts, billboards, and bandannas
13 fall within one of the Settlement Agreement's permitted uses and therefore do not provide evidence
14 that Wag Labs has done something it was prohibited from doing. *See* Wag Labs Opp'n 8. For
15 example, as Wag Labs notes, Wag Hotels has not presented evidence to suggest that Wag Labs used
16 the Text Mark in anything other than word format—which is permitted under the agreement. *Id.*
17 Wag Hotels has therefore raised genuine disputes of material fact that preclude summary judgment.
18 Accordingly, Wag Hotels's motion for partial summary judgment that Wag Labs breached the
19 Settlement Agreement is DENIED.

20       **3. Breach of Implied of Covenant of Good Faith and Fair Dealing**

21     Wag Hotels seeks partial summary judgment that Wag Labs breached the implied covenant
22 of good faith and fair dealing. Wag Hotels Mot. 15. Wag Hotels contends that Wag Labs's
23 registration of the Text Mark undermined the distinction between Wag Hotels and Wag Labs that
24 the Settlement Agreement sought to preserve. *Id.* Wag Hotels also contends that Wag Labs ignored

---

[3] Wag Hotels cites page 118 of the Wag Labs's 30(b)(6) deposition to support the assertion that "Wag Labs admits . . . that Wag Labs' billboards no longer use the Image Mark, and that some bandanas may not have used the Image Mark." But Wag Hotels did not provide the Court with this page of the deposition. This oversight is not critical to the Court's analysis because even if the deposition testimony is as Wag Hotels contends, it does not demonstrate the absence of a dispute of material fact.

8

1  the Settlement Agreement's requirement that Wag Labs must provide Wag Hotels with notice and
2  opportunity to object to any material change of Wag Labs's branding from the Image Mark. *Id.*
3  Wag Labs responds that there is nothing in the Settlement Agreement that barred it from filing a
4  trademark application for the Text Mark. Wag Labs Opp'n 10-11. Wag Labs further argues that it
5  made no material change to its branding. *Id.* at 11-12.

6  Wag Hotels has not established that it is entitled to partial summary judgment that Wag Labs
7  breached the implied covenant of good faith and fair dealing by registering its Text Mark. "The
8  implied promise [of good faith and fair dealing] requires each contracting party to refrain from doing
9  anything to injure the right of the other to receive the benefits of the agreement." *McIlwain, LLC v.*
10 *Berman*, No. 18-CV-03127 CW, 2020 WL 1308342, at *10 (N.D. Cal. Feb. 10, 2020) (quoting *Egan*
11 *v. Mutual of Omaha Ins. Co.*, 24 Cal. 3d 809, 818 (1979)). But "[t]he implied covenant of good
12 faith and fair dealing does not impose substantive terms and conditions beyond those to which the
13 parties actually agreed." *Id.* (quoting *Avidity Partners, LLC v. State of California*, 221 Cal. App.
14 4th 1180, 1204 (2013)). "Thus, '[t]he implied covenant of good faith and fair dealing rests upon the
15 existence of some specific contractual obligation.'" *Id.* (quoting *Foley v. Interactive Data Corp.*,
16 47 Cal. 3d 654, 683–684 (1988). Here, Wag Hotels has not even attempted to identify a contractual
17 obligation that prohibited Wag Labs from registering its Text Mark. Accordingly, Wag Hotels has
18 not established its entitlement to summary judgment that Wag Labs breached of the implied
19 covenant of good faith and fair by registering the mark.

20 Wag Hotels has also not established its entitlement to partial summary judgment that Wag
21 Labs breached the implied covenant of good faith and fair dealing "by ignoring § 4's requirement
22 that [Wag Labs] provide [Wag Hotels] with notice and opportunity to object to any material change
23 of Wag Labs' branding from the Image Mark." *See* Wag Hotels Mot. 15. "By definition, summary
24 judgment may be granted only when there are no disputed issues of material fact." *Animal Legal*
25 *Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 989–90 (9th Cir. 2016). Here, Wag Labs
26 disputes that it has made any material changes to its branding and has supported its position with
27 evidence. *See* Wag Labs Opp'n 12 (citing DeCarlo Decl. Ex. 1 ("Storm Dep."), at 111:19-112:9,
28 ECF No. 66-2). Thus, Wag Labs has shown the existence of a dispute of material fact that precludes

1  this Court from granting Wag Hotels's motion for partial summary judgment.

2  Based on the foregoing, the Court finds that Wag Hotels has not met its burden of proving the absence of a genuine issue of material fact concerning its claim for breach of the implied covenant of good faith and fair dealing. Accordingly, Wag Hotels's motion for partial summary judgment regarding this claim is DENIED.

### 4. Specific Performance

Wag Hotels asks the Court for "a preliminary injunction or order specifically enforcing § 4 of the Agreement and prohibiting Wag Labs's continued use and display of trademarks, logos and other marketing displays Wag Labs currently uses [i.e., the Text Mark] that materially vary and deviate from the Image Mark; and/or for an order that Wag Labs complies with the contractually specified procedure for [Wag Hotels's] approval of any such changes." Wag Hotels Notice of Mot. 2, ECF No. 63. Wag Hotels argues that the parties expressly agreed to specific performance in § 4 of the Settlement Agreement. Wag Hotels Mot. 16.

As discussed above, Wag Hotels has not established that it is entitled to partial summary judgment on its claim for breach of contract. Wag Hotels has therefore not established its entitlement to the remedy of specific performance for the alleged breach of contract. *See Golden W. Baseball Co. v. City of Anaheim*, 25 Cal. App. 4th 11, 49, 31 (1994) ("Specific performance is a *remedy* for breach of contract, a cause of action which requires proof the contract was breached.").

### 5. Trademark Cancellation

Wag Hotels asks the Court for partial summary judgment canceling Wag Labs's trademark under 15 U.S.C. § 1119. Wag Hotels Mot. 16. Wag Hotels argues that cancellation is required because Wag Labs (1) did not disclose to the USPTO the Settlement Agreement's restrictions on its use of the Text Mark when it applied for the mark and (2) misrepresented to the USPTO that no one else had the right to use the Text Mark or a similar mark. *Id.* at 17. In response to Wag Hotels's first argument, Wag Labs argues that nothing in the Lanham Act, regulations governing trademark applications, or Settlement Agreement required disclosure of the Settlement Agreement to the USPTO. Wag Labs Opp'n 13-14. In response to Wag Hotels's second argument, Wag Labs argues that the Settlement Agreement demonstrates its ownership of and exclusive rights to use the Text

Mark. *Id.* at 14-15. Wag Labs further argues that Wag Hotels has failed to provide evidence that Wag Labs intended to induce the USPTO's reliance on any misrepresentation—an element necessary to cancel a trademark for fraud on the USPTO. *Id.* at 15-16.

A party seeking trademark cancellation for fraud on the USPTO must show "[1] a false representation regarding a material fact, [2] the registrant's knowledge or belief that the representation is false, [3] the intent to induce reliance upon the misrepresentation, and [4] reasonable reliance thereon, and [5] damages." *Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F. Supp. 2d 1013, 1041 (C.D. Cal. 2011) (citations omitted), *aff'd*, 738 F.3d 1085 (9th Cir. 2013). "Intent to deceive cannot be inferred solely from the fact that information was not disclosed; there must be a factual basis for a finding of deceptive intent." *Id.* (quoting *Levi Strauss & Co. v. Esprit U.S. Distrib.,* 588 F.Supp.2d 1076, 1084 (N.D.Cal.2008)). "[F]raud will not lie if it can be proven that the statement, though false, was made with a reasonable and honest belief that it was true." *Id.* (quoting *Far Out Productions, Inc. v. Oskar,* 247 F.3d 986, 996-97 (9th Cir.2001)).

Wag Hotels has not established its entitlement to cancellation of the Text Mark based on Wag Labs's failure to disclose the Settlement Agreement to the USPTO. Wag Hotels does not identify, and the Court is not aware of, any requirement that a trademark applicant disclose to the USPTO the terms of a contract that may impact the use of a mark. Nor does Wag Hotels identify a provision in the Settlement Agreement that would require such disclosure. Wag Hotels has therefore not identified any misrepresentation arising from Wag Labs's failure to disclosure the Settlement Agreement to the USPTO. Accordingly, the Court finds that Wag Hotels is not entitled to cancellation on this basis.

Wag Hotels has also not established its entitlement to cancellation of the Text Mark based on Wag Labs's alleged misrepresentation to the USPTO that no one else had the right to use the mark or a similar mark. On this issue, the motion fails partly because Wag Hotels has not met its initial burden and partly because there are disputed facts.

The Court finds that there is a dispute of material fact about whether Wag Hotels's declaration was false. The declaration stated that "no other persons . . . have the right to use the [Text Mark] in commerce, either in identical form or in such resemblance as to be likely, when used

11

1    on or in connection with the good or services of such other persons, to cause confusion or mistake,
2    or to deceive." Text Mark Application, at p.5.  Wag Hotels appears to argue that the declaration
3    was false because Wag Hotels had the right to use its own mark and that its mark was "in such
4    resemblance [to the Text Mark] as to be likely . . . to cause confusion or mistake." *See* Wag Hotels
5    Mot. 5, 17; Wag Hotels Reply 10.  Wag Hotels cites as evidence a USPTO office action stating that
6    Wag Hotels's mark and the Text Mark "create the same commercial impression" and that
7    "consumers are likely to be confused and mistakenly believe that [Wag Hotels's and Wag Labs's]
8    goods originate from a common source." *See* Reply 10 (citing '006 Appl. Office Action, at p.4).
9    Wag Labs counters with evidence undermining likelihood of confusion. *See* Wag Labs Opp'n 16-
10   20.  For example, Wag Labs provides a search of the USPTO trademark database that shows a list
11   of 816 trademark applications that incorporate the word "WAG" and explains how this undermines
12   a finding of likelihood of confusion. *See id.* at 18 (citing DeCarlo Decl. Ex. 4, ECF No. 66-5).  This
13   competing evidence raises a dispute of material fact about whether Wag Hotels's mark was "in such
14   resemblance [to the Text Mark] as to be likely . . . to cause confusion or mistake" and therefore
15   whether Wag Labs falsely declared that no such mark existed.  Wag Labs has therefore designated
16   specific facts demonstrating the existence of genuine issues for trial that preclude summary
17   judgment.

18   Wag Hotels's motion also fails because Wag Hotels has not provided any evidence of Wag
19   Labs's knowledge or intent.  A moving party bears the burden of production on a motion for
20   summary judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Thus, by failing to
21   provide any evidence of Wag Labs's knowledge that the declaration was false or its intent to induce
22   reliance upon the alleged misrepresentation, Wag Hotels has failed to meet its burden of production
23   for these elements of its claim.  This failure requires denial of Wag Hotels's motion.

24   In sum, the Court finds that there is a dispute of material fact as to whether Wag Labs made
25   a false statement to the USPTO and that Wag Hotels has failed to meet its burden of production as
26   to multiple elements of its claim for fraud on the USPTO.  Accordingly, Wag Hotels's motion for
27   summary judgment of trademark cancellation is DENIED.
28

### B. Wag Labs's Motion

Wag Labs seeks partial summary judgment that Wag Hotels's request for damages is not viable as a matter of law. Wag Labs Mot. 11. Wag Hotels articulates its alleged damages under two theories: (1) reasonable royalty and (2) corrective advertising. *See id.* at 8.

#### 1. Reasonable Royalty

Wag Labs requests that the Court grant partial summary judgment that Wag Hotels is not entitled to reasonable royalty damages. Wag Labs argues that Wag Hotels's reasonable royalty theory is speculative and therefore inadmissible because the parties have no prior licensing history involving a royalty and because Wag Hotels offers no other valid basis for a reasonable royalty calculation. *See* Wag Labs Mot. 12. Wag Hotels argues that it has presented a valid basis for calculating reasonable royalty because the parties' Settlement Agreement is a prior licensing agreement and Wag Hotels's expert has calculated a reasonable royalty based on the *Georgia Pacific* factors. Wag Hotels Opp'n 9-11.

"Reasonable royalties, which are a calculation of the hypothetical licensing royalties that an infringer would have paid to the senior owner of the mark, can be recovered as a measure of damages in trademark infringement cases." *QS Wholesale, Inc. v. World Mktg., Inc.*, No. SA 12-CV-0451 (RNBx), 2013 WL 1953719, at *4 (C.D. Cal. May 9, 2013). "Reasonable royalties are a form of damages for lost profits, since they focus on the licensing fees that were never paid by an infringer using a party's mark, and like other modes of calculating lost profits, they must be proved with reasonable certainty." *Lodestar Anstalt v. Bacardi & Co.*, No. 2:16-cv-06411-CAS(FFMx), 2019 WL 8105378, at *13 (C.D. Cal. July 3, 2019) (internal quotation marks omitted). "For this reason, reasonable royalties are most often granted in a trademark context where the parties had a prior licensing agreement . . . or where the plaintiff previously had engaged in the practice of licensing the mark to a third party." *Id.* (internal quotation marks omitted). "In the absence of a legitimate proposed basis on which to calculate a royalty, awarding a reasonable royalty . . . would be impermissibly speculative." *M2 Software Inc. v. Viacom, Inc.*, 223 F. App'x 653, 655 (9th Cir. 2007).

Here, there is no legitimate basis on which to calculate a reasonable royalty. Although Wag

1    Hotels argues that the Settlement Agreement is a prior licensing agreement, Wag Hotels does not
2    dispute that the agreement includes no royalty provision. It is therefore undisputed that the parties
3    have no prior licensing history involving a royalty. It is also undisputed that Wag Hotels has not
4    entered into a royalty-based licensing agreement with a third party or produced any evidence that it
5    intends to do so in the future. To the contrary, Wag Hotels's CEO testified that although licensing
6    is "a topic of periodic discussion," the company "ha[s] no plans at the current time to franchise."
7    DeCarlo Decl. Ex. 5 ("Appel Dep."), at 240:3-18, ECF No. 61-6. Courts have routinely held that
8    such an absence of past or anticipated licensing activity renders a party's reasonable royalty
9    calculation speculative and therefore not viable as a matter of law. *See Fortinet, Inc. v. Fortanix,*
10   *Inc.*, No. 20-CV-06900-MMC, 2022 WL 1128723, at *12 (N.D. Cal. Apr. 15, 2022) (granting
11   summary judgment that plaintiff was not entitled to reasonable royalty damages where plaintiff
12   presented no evidence that it had licensed its marks or intends to do so); *Thrive Nat. Care, Inc. v.*
13   *Thrive Causemetics, Inc.*, No. CV 20-9091 PA (ASX), 2021 WL 4813257, at *6 (C.D. Cal. Oct. 6,
14   2021) (same); *Marketquest Grp., Inc. v. BIC Corp.*, 316 F. Supp. 3d 1234, 1300-01 (S.D. Cal. 2018)
15   (same).

16   Wag Hotels's expert's analysis of the *Georgia Pacific* factors does not cure the absence of
17   prior or anticipated licensing activity. In the context of analyzing reasonable royalty damages in
18   trademark cases, courts in this Circuit have explained that "the *Georgia-Pacific* factors are
19   'impermissibly speculative' where there is 'the absence of a prior licensing agreement, evidence of
20   licensing negotiations between the parties, or evidence otherwise showing either side's intent to
21   license.'" *Thrive*, 2021 WL 4813257, at *6 (quoting *Marketquest*, 316 F. Supp. 3d at 1301 n.34).
22   Thus, because the parties have not entered into a prior licensing agreement involving a royalty
23   provision (or any pricing term) and there is no evidence of Wag Hotels's prior or anticipated
24   licensing with a third party, Wag Hotels's expert's analysis under the *Georgia Pacific* factors is
25   "impermissibly speculative" and must be disregarded. *See id.*

26   In sum, the Court finds that because there is no competent evidence of prior or anticipated
27   licensing involving a royalty, Wag Labs's expert's reasonable royalty calculation is purely
28   speculative and therefore inadmissible. *See id.* (citing Fed. R. Evid. 702). Because Wag Hotels has

14

1  offered no admissible evidence to support a reasonable royalty, Wag Labs is entitled to partial
2  summary judgment on this theory of damages. *See Marketquest*, 316 F. Supp. 3d at 1301; *see also*
3  *Celotex*, 477 U.S. at 322 ("[T]he plain language of Rule 56(c) mandates the entry of summary
4  judgment . . . against a party who fails to make a showing sufficient to establish the existence of an
5  element essential to that party's case, and on which that party will bear the burden of proof at trial.").
6  Accordingly, Wag Labs's motion for partial summary judgment that Wag Hotels is not entitled to
7  reasonable royalty damages is GRANTED.

### 2. Corrective Advertising

Wag Labs requests that the Court grant partial summary judgment that Wag Hotels is not entitled to corrective advertising damages. Wag Labs argues that Wag Hotels cannot establish entitlement to corrective advertising damages because there is no evidence that the value of its mark was damaged in any way. Wag Labs Mot. 15-19. Wag Hotels responds that it has provided evidence that consumers were confused by Wag Labs's use of its mark and that it is entitled to corrective advertising damages in the amount of 25% of the Wag Labs's advertising budget. Wag Hotels Opp'n 11-12.

"An award of the cost of corrective advertising, like compensatory damage awards in general, is intended to make the plaintiff whole. It does so by allowing the plaintiff to recover the cost of advertising undertaken to restore the value plaintiff's trademark has lost due to defendant's infringement." *Adray v. Adry-Mart, Inc.*, 76 F.3d 984, 988 (9th Cir. 1995). A court may award compensation for future advertising that must be undertaken to restore the value of a trademark. *Id.* at 988-89. "A plaintiff need not show a specific measure of harm to its goodwill and reputation in order to recover corrective damages," but "it still must present non-speculative evidence that goodwill and reputation—that is, the value of its mark—was damaged in some way." *Quia Corp. v. Mattel, Inc.*, No. C 10-1902 JF HRL, 2011 WL 2749576, at *5 (N.D. Cal. July 14, 2011) (citations omitted).

Here, Wag Hotels has not shown any damage to the value of its mark caused by Wag Labs's conduct. To the contrary, in response to the question of whether Wag Labs has done anything to impact the financial performance of Wag Hotels, Jessica Pum, Wag Hotels's Chief Financial

15

1  Officer, testified that the company "ha[s] not done any particular analysis on that . . . ." DeCarlo

2  Decl. Ex. 4 ("Pum Dep."), at 138:12-14, ECF No. 61-5.  Likewise, in response to the question of

3  whether Wag Hotels has analyzed whether Wag Labs's alleged misconduct "impacted the value of

4  Wag Hotels' goodwill," Wag Hotels's CEO confirmed that no such analysis had been done.  Appel

5  Dep. 244:18-24.  This failure to provide any evidence of diminution of value of Wag Hotels's mark

6  that was caused by Wag Labs is fatal to Wag Hotels's request for corrective advertising damages.

7         Wag Hotels relies heavily on the district court's analysis in *Marketquest* to argue that its

8  request for corrective advertising damages should survive.  *See* Wag Hotels Opp'n 11-12 (citing

9  *Marketquest*, 316 F. Supp. 3d 1234).  In *Marketquest*, the district court denied defendants' motion

10 for summary judgment that plaintiff was not entitled to corrective advertising damages.

11 *Marketquest*, 316 F. Supp. at 1301.  Summarizing the evidence before it, the court explained that

12 plaintiff had presented evidence of individuals who claimed they were confused by defendants' use

13 of the relevant marks, and plaintiff's expert had calculated lost profits attributable to this confusion

14 by comparing profits before and after the infringement.  *Id.*  The Court held that "this was sufficient

15 information to put the theory in front of the jury for determination."  *Id.*  Wag Hotels contends that

16 it too has provided sufficient information to put its theory before the jury because Ms. Pum's

17 deposition testimony shows "evidence of confusion."  Wag Hotels Opp'n 11.

18        The Court disagrees.  In *Marketquest*, plaintiff did not rely solely on "evidence of confusion"

19 but rather presented evidence that this confusion resulted in damage to the value of its mark by

20 comparing its profits before and after the infringement.  Here, Wag Hotels has made no such

21 comparison or otherwise shown damage to the value of its mark.  As noted above, Wag Hotels's

22 CEO and CFO both testified that Wag Hotels has not analyzed whether Wag Labs's alleged bad acts

23 impacted Wag Hotels's financial performance or goodwill.  Wag Hotels's expert likewise testified

24 that he did not evaluate diminution in value of Wag Hotels's brand, stating  "I don't know that there

25 has been a diminution in value to the Wag Hotels trademark."  DeCarlo Decl. Ex. 7 ("Drews Dep."),

26 at 73:3-24, *see also* 66:8-23, ECF No. 61-8.  Thus, Wag Hotels has provided no evidence of any

27 damage to the value of its mark.  Absent admissible evidence of damage or diminution in value of

28 Wag Hotels's trademark, Wag Hotels has failed to present admissible, non-speculative evidence of

United States District Court
Northern District of California

16

loss to its goodwill or reputation and thus its corrective advertising theory of damages fails. *See, e.g.*, *Thrive*, 2021 WL 4813257, at *7 ("[A]n award of compensatory damages based on potential 'corrective advertising' costs must be tied to 'non-speculative evidence' that the goodwill associated with the plaintiff's mark has actually been diminished by the defendant's conduct." (quoting *Int'l Oddities v. Record*, No. CV 12-3934-CAS (VBKx), 2013 WL 3864050, at *14 (C.D. Cal. July 22, 2013)); *cf. Adray*, 76 F.3d at 989 (noting that corrective advertising damages may only be awarded "to the extent that the amount of money needed for corrective advertising does not exceed the damage to the value of [the] mark").

Accordingly, because Wag Hotels has failed to proffer evidence showing that damage to its mark, Wag Labs's motion for partial summary judgment that Wag Hotels is not entitled to corrective damages is GRANTED.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Wag Hotels's request for partial summary judgment that Wag Labs breached the settlement agreement is DENIED.

2. Wag Hotels's request for partial summary judgment that Wag Labs breached the implied covenant of good faith and fair dealing is DENIED.

3. Wag Hotels's request for partial summary judgment that it is entitled to specific performance is DENIED.

4. Wag Hotels's request for partial summary judgment of trademark cancellation is DENIED.

5. Wag Labs's request for partial summary judgment that Wag Hotels is not entitled to reasonable royalty damages is GRANTED.

6. Wag Labs's request for partial summary judgment that Wag Hotels is not entitled to corrective advertising damages is GRANTED.

Dated: May 22, 2023

_____
BETH LABSON FREEMAN
United States District Judge